# Scott v. The State.

*Indictment for Burglary and Larceny.*

1. *Relevancy of circumstantial evidence.*—It being an issue of fact whether the defendant, who was charged with burglary, and with the larceny of a pistol, had put the pistol in a place where it was afterwards found by a witness for the State, - that witness testifying that the defendant, in passing through the yard to the house of the witness, stooped down and seemed to be hiding something in the grass, at the place where the witness afterwards found the pistol; while, according to the testimony of a witness for the defendant, the defendant in passing through the yard did not stoop down at all;—the defendant should be allowed, on the cross-examination of the witness for the State, to ask her if it was not a fact that other boys in the neighborhood were in the habit, at the time referred to, of playing around, and going in and out of, the house, as defendant had done that evening.

2. *Evidence of uncommunicated motive not admissible.*—A witness for the State having testified that before the trial he made a statement in conflict, materially, with his testimony on the trial, should not,

[Scott v. The State.]

against the objection of the defendant, be permitted to testify that he had made such former statement because the defendant had asked him to do so.

3. *Jury not bound to acquit because there is a mere possibility that defendant is not guilty.*—In the absence of a reasonable doubt from the evidence of the defendant's guilt, the jury are not required to acquit, merely because they believe from the evidence that it may be that is not guilty, or that it is possible that he is not guilty.

APPEAL from the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The appellant, Nathan Scott, was tried and convicted on an indictment charging him with burglary, and with the larceny of a pistol.

The State having offered evidence tending to show the defendant's guilt, he was examined as a witness in his own behalf. In the course of his examination, he stated that he did not at any time ask Ed. Reynolds to claim the pistol. Ed. Reynolds was examined as a witness in rebuttal for the State. This witness testified, that, on the day referred to by other witnesses for the State, he met the defendant with a pistol in his hand, and the defendant asked the witness to tell the defendant's father, if he asked the witness anything about the pistol, that it belonged to him, Ed. Reynolds; and that, during the same evening, the witness met defendant's father, and upon being asked by him whose pistol it was that had been shot that evening, stated that the pistol belonged to him, the witness. The witness proceeding to testify, that "he had said that because the defendant had asked him to do so," the defendant moved the court to exclude this portion of the testimony of the witness, and excepted to the refusal of the court to grant this motion.

The opinion sufficiently indicates the other evidence in the case bearing upon the questions considered by the court.

The defendant excepted to the giving of the following written charges at the instance of the solicitor: (1.) "To prove beyond a reasonable doubt that the defendant is guilty, does not mean that the State must make the proof by an eye-witness, or to a positive, absolute, mathematical certainty. This latter measure of proof is not required in any case. If, from all the evidence, the jury believe that it is possible, or that it may be, or perhaps the defendant is not guilty, this degree of uncertainty does not amount to a reasonable doubt, and does not entitle the defendant to an acquittal. All that is required is, that the jury should, from all the evidence, believe beyond a reasonable doubt that the defendant is guilty; and if they so believe, and it was in

Mobile county, and before the finding of this indictment, they must find the defendant guilty, although they may also believe from the evidence that it may be that he is not guilty, or that it is possible he is not guilty." (2.) "The court charges the jury that, if they are satisfied beyond a reasonable doubt of the guilt of the defendant, from all the evidence in the case, good character included, then they should find him guilty, notwithstanding he may have proved a good character."

GREGORY L. & H. T. SMITH, for appellant, cited *Childs v. State*, 58 Ala. 353; *Hall v. State*, 40 Ala. 706; *E. T., V. & G. R. Co. v. Davis*, 91 Ala. 621; *Burks v. Bragg*, 89 Ala. 204; *Baldwin v. Walker*, 91 Ala. 428.

WM. L. MARTIN, Attorney-General, for the State, cited *Childs v. State*, 58 Ala. 349.

STONE, C. J.—The evidence in this case which tends to criminate the defendant is mostly circumstantial. After proving the ownership of the pistol, which was the subject of the larceny, and its loss by the owner, one main issue of fact was, whether the defendant had put the pistol in the place where it was afterwards found by one of the witnesses for the State. This was one of the most material issues of fact in the case, since it was principally through this that the possession of the pistol was traced to the defendant. Any testimony which would tend to either corroborate or contradict the asserted fact that the pistol was put in the place where it was afterwards found, would therefore be material and relevant; and this is true, however slight might be the tendency of such evidence. In *Mattison v. State*, 55 Ala. 224, this court held, that whatever tends to shed light on the main inquiry, and does not withdraw the attention of the jury from such inquiry by intruding upon them matters which are foreign, or of questionable pertinency, is, as a general rule, admissible evidence. The sufficiency of such evidence is a question exclusively for the determination of the jury. It is also a principle of our jurisprudence, that on the cross-examination of witnesses greater latitude is allowed than would be on the direct examination. The reason for such difference is patent, since it is by this means the veracity of witnesses is tested, and the truthful rendering of the circumstances of each case is the better obtained.

Under the principles above announced, and considering

[Scott v. The State.]

the peculiar circumstances of this individual case, we are led to the conclusion, that the defendant should have been allowed to ask the witnesses, Adam Palmer and Louisa Carmelich, on cross-examination, "if it was not a fact that all of the boys in the neighborhood were in the habit, at the time referred to, of playing around the house of Louisa Carmelich very frequently, and of going in and out of the house in the way in which defendant had done that evening?" We are strengthened in this conclusion by the testimony of the witness John Beavens, which was somewhat in conflict with the testimony of Louisa Carmelich. The latter testified as a State's witness, that she saw the defendant come in her back gate, stoop down, and put something in the grass near her house, and that upon Adam Palmer complaining about his pistol being stolen, she went to the place where she had seen the defendant put something in the grass, and picked up the pistol, which Palmer identified as his property. Beavins testified that he was in the yard of the said Louisa Carmelich on the afternoon in question, and saw the defendant come in at the back gate, and that he did not stop, or stoop down, and did not put anything in the grass near the said house. The purpose of the testimony which was sought to be introduced by the defendant, was, no doubt, to corroborate the testimony of the witness Beavins, and to contradict the testimony of Louisa Carmelich. In view of this conflict in the evidence, we can see how the offered testimony would be material. However slight may have been its tendency, if it existed at all, it was certainly pertinent to the main inquiry of the criminating fact, and the defendant should have had the benefit of it.

The testimony of the witness Ed. Reynolds, that he stated to the father of the defendant that the pistol belonged to him (Ed. Reynolds), "because the defendant had asked him to do so," should have been excluded on motion of the defendant. This testimony falls under the ban of the rule which holds that an uncommunicated motive of word or deed is inadmissible.—*Baldwin v. Walker*, 91 Ala. 428; *Burks v. Bragg*, 89 Ala. 204; *Stewart v. State*, 78 Ala. 436.

The court did not err in the charges given, nor in its refusal to give either of the charges requested by the defendant. The evidence in the case did not justify the giving of either of the defendant's charges.

Reversed and remanded.