(93 South. 307)

### ESPY v. STATE.   (4 Div. 732.)*

(Court of Appeals of Alabama.   May 9, 1922. Rehearing Denied May 30, 1922.)

1. **Criminal law ☞394—Evidence obtained by search admissible without showing officers had search warrant.**

On trial for violating the prohibition laws, evidence as to the finding of a still, etc., upon a search of defendant's smokehouse and premises, was admissible, without showing that the officers making the search had a search warrant authorizing them to do so.

2. **Criminal law ☞713—Remark of solicitor in argument that defendant's counsel squealed when they were hit held improper, but not necessarily ground for reversal.**

Remarks of solicitor, upon objection being made to his argument that defendant's counsel were squealing, and that "every time you hit them they squeal," were improper, but did not necessarily require a reversal.

3. **Criminal law ☞338(6)—Evidence of bad feeling of person not connected with the case and threats by him held incompetent.**

Evidence of bad feeling towards defendant on the part of one not connected with the trial as a witness or otherwise, and of threats against defendant by such person, were incompetent.

4. **Criminal law ☞359—Permissible to show another's guilt, but not mere suspicion or his threats, acts, and conduct subsequent to crime.**

It is always permissible for defendant to show that another and not he was the guilty party, but not to show merely that he suspected another, or that another was suspected, and evidence of another's guilt must relate to the res gestæ, and not to his declarations, threats, or conduct subsequent to, and having no immediate connection with, the crime.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Roberson Espy was convicted of violating the prohibition laws, and he appeals. Affirmed.

In his closing argument the solicitor said something about a negro not having got the money, and the counsel for defendant interposed an objection, whereupon the solicitor said, "They [referring to counsel] were squealing; that every time you hit them they squeal."

H. K. Martin and Farmer, Merrill & Farmer, all of Dothan, for appellant.

The court erred in not excluding the remarks of the solicitor. 87 Ala. 14, 6 South. 290; 148 Ala. 560, 42 South. 862; 136 Ala. 58, 34 South. 177; 85 South. 789; 16 Ala. App. 78, 75 South. 626; 17 Ala. App. 178, 84 South. 638; 75 South. 701. Counsel discuss other assignments of error, but without citation of authorities.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The case of Mary Banks v. State, ante, p. 376, 93 South. 293, settled the question of evidence most insisted upon contrary to appellant's contention. Objection that an answer is not responsive must come from the party asking the question. 171 Ala. 606, 55 South. 120; 169 Ala. 287, 53 South. 832.

BRICKEN, P. J. [1] The first insistence of error is based upon the rulings of the court in permitting the state's witnesses to testify relative to the finding of the still, etc., in the smokehouse and on his premises without first showing that the officers making the search had a search warrant authorizing them to do so. In the case of Mary Banks v. State (Ala. App.) 93 South. 293,[1] this question has been expressly decided adversely to the contention of the appellant. There was no error in these rulings.

[2] The remaining questions presented relate solely to the rulings of the court upon the testimony, and to a certain statement by the solicitor in his closing argument to the jury. As to the latter, we are of the opinion that the remarks of the solicitor were improper, bordering upon the discourteous to defendant's counsel, and in the due administration of the law and conduct of trials such occurrences should not be indulged. However, we cannot import that degree of gravity or importance to the question presented here which would necessitate or require a reversal of the judgment in this case.

The testimony was in conflict, and was for the determination of the jury. There was some evidence to sustain the charge complained of in the indictment, and this, together with the inferences to be drawn

from the evidence as a whole, was sufficient upon which to predicate the verdict rendered.

[3, 4] The defendant undertook to show that there were bad feelings upon the part of one Arthur Wright toward the defendant, and that said Wright had uttered threats against the defendant. This evidence was clearly not competent. Arthur Wright was in no manner connected with the trial of this defendant, as a witness or otherwise. And while it is always permissible for a defendant accused of a specific crime to show that another, and not he, was the guilty party, yet it is not competent for the accused to show merely that he suspected another to be guilty, or that another was suspected of the commission of the crime. Evidence of guilt of another must relate to the res gestae, and not to declarations, threats, or conduct of the party on whom it is attempted to cast suspicion, subsequent to and having no immediate connection with the crime. Levison v. State, 54 Ala. 520; 1 Mayfield, Dig. 335, § 23.

In our opinion no error is shown upon the trial of this case in the court below injuriously affecting the substantial rights of the defendant. The record is also free from error. It follows that the judgment appealed from must be affirmed.

Affirmed.