**GLASS v. STATE.   (5 Div. 470.)**

(Court of Appeals of Alabama.   Dec. 4, 1923. Rehearing Denied Jan. 15, 1924.)

**1. Criminal law ⚖=517(1)—Confession admitted after proper predicate.**

After proper predicate is established to show that it was voluntary, evidence of a confession is admissible.

**2. Criminal law ⚖=359, 400(2)—Record of conviction of another for same crime not admissible to show defendant's innocence.**

It is permissible for defendant accused of crime to show by legal evidence that another committed it, but the record of the conviction of another is not original evidence tending to

---

⚖=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

show his guilt and is not admissible for that purpose nor incidentally to show defendant's innocence.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Amos Glass was convicted of manufacturing prohibited liquor, and appeals. Affirmed.

Reynolds & Reynolds, of Clanton, for appellant.

It is always permissible for a defendant, accused of crime, to show that another, and not he, was guilty. Prince v. State, 100 Ala. 144, 14 South. 409, 46 Am. St. Rep. 28; Owensby v. State, 82 Ala. 63, 2 South. 764; Banks & Wood v. State, 72 Ala. 522; Snow v. State, 58 Ala. 372; Brown v. State, 120 Ala. 342, 25 South. 182; Espy v. State, 18 Ala. App. 536, 93 South. 307; Levison v. State, 54 Ala. 520.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The record of the conviction of another is not admissible for the purpose of his guilt, and incidentally defendant's innocence. Toles v. State, 170 Ala. 99, 54 South. 511; Livingstone v. State, ante, p. 474, 98 South. 138.

FOSTER, J. The appellant (defendant in the court below) was convicted of manufacturing prohibited liquors.

The evidence for the state tended to show that the defendant and two others were found working at a still from which whisky was running. The defendant's evidence tended to show that he had nothing to do with the operation of the still.

[1] The first question presented for review relates to the admission in evidence of a confession by the defendant. After proper predicate has been established to show that a confession was voluntary, evidence of such confession is admissible. 1 Mayf. Dig. p. 209, par. 16.

[2] The defendant's counsel insist that the court committed, reversible error in refusing to permit the defendant to introduce in evidence the record showing the conviction of one William Blow, who was found at the still with the defendant at the time the offense here charged against him was alleged to have been committed.

It is permissible for a defendant accused of crime to show by legal evidence that another, and not the defendant, committed the crime. But the record of the conviction of another is not original evidence tending to show his guilt, and was not admissible for the purpose of showing his guilt and incidentally the defendant's innocence. Toles

v. State, 170 Ala. 99, 54 South. 511; Pool v. State, ante, p. 406, 98 South. 309.

There is no error in the record. The judgment of the circuit court is affirmed.

Affirmed.