(107 So. 31)

## WELLS v. STATE. (3 Div. 535.)

(Court of Appeals of Alabama. Jan. 12, 1926.)

1. Criminal law ⬅➡811(5)—Charge that, if jury believe certain witnesses, accused not guilty, held to give undue prominence to part of evidence.

A requested instruction that, if jury were reasonably satisfied that testimony of certain witnesses was true, they should find accused not guilty, *held* properly refused, as giving undue prominence to part of evidence.

2. Criminal law ⬅➡338(4,5)—Exclusion of evidence as to bottle with corncob stopper held proper.

In prosecution for rape, evidence that third person was seen on night of crime with a bottle in which there was corncob stopper, and that a bottle with such a stopper was found at the house of the party alleged to have been ravished shortly after the offense, *held* properly excluded, in absence of any evidence to connect that particular bottle and stopper with the alleged crime.

3. Criminal law ⬅➡419, 420(10)—Testimony as to third person's confession held hearsay.

In prosecution for rape, testimony that a third person came to witness' house on night of alleged crime, and, while drinking, made a statement in nature of a confession of guilt as to act charged against accused, *held* properly excluded as hearsay.

4. Criminal law ⬅➡359—Evidence of accused that another committed offense must be legal evidence.

Where evidence adduced against accused is circumstantial, and there is evidence tending to connect another with commission of crime charged, accused may adduce any legal evidence tending to fix guilt of offense on another and to show motive on that other's part to commit the offense.

5. Criminal law ⬅➡1170½(5)—Witnesses ⬅➡372(2)—Cross-examination of alibi witness, as respects undue intimacy between herself and accused, held immaterial and to require reversal.

In prosecution for rape, cross-examination, over objection, of alibi witness tending to show that her husband was not at home, and had not been for some time, in connection with questions intimating undue intimacy between witness and accused, which was not admitted or proven, was clearly immaterial, and required reversal.

6. Witnesses ⬅➡370(4), 374(1)—May be impeached by showing undue intimacy with accused, but only by legal evidence, and not by insinuation and innuendo.

Witness may be shown to be unduly intimate with accused as affecting interest of witness, but this must be done by legal evidence and not by insinuation and innuendo.

7. Rape ⬅➡38(1)—Evidence of association of accused with husband of woman alleged ravished immaterial and irrelevant.

In prosecution for rape, evidence that accused thereafter had associated with husband of woman alleged to have been ravished is immaterial and irrelevant.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

David Wells was convicted of rape, and he appeals. Reversed and remanded.

Charge 2, refused to defendant, is as follows:

"The court charges the jury that if they are reasonably satisfied that the testimony of Mrs. Ruth Blackman, Dock Odum, and Mrs. David Wells is true, you should find defendant not guilty."

Powell & Hamilton, of Greenville, for appellant.

Counsel argue for error in rulings on evidence, and cite Garrett v. Garrett, 27 Ala. 693; Segars v. State, 86 Ala. 59, 5 So. 558; McDaniels v. State, 162 Ala. 29, 50 So. 324; Davis v. State, 8 Ala. App. 211, 62 So. 382; Grissett v. State, 18 Ala. App. 677, 94 So. 271.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] Charge 2, refused to defendant, gives undue prominence to a part of the evidence, and for that reason was properly refused. Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28.

[2] The court did not err in excluding the testimony of defendant's witness Baker, that he had seen Det Brogden, a third person, with a bottle in which there was a corncob stopper, on the night of the alleged rape, and the testimony of defendant's witness Odum, that a bottle with a corncob stopper was found at the house of the party alleged to have been ravished shortly after the alleged rape. There is nothing in the evidence to connect this particular bottle and stopper with the alleged crime, and is not a fact tending to acquit the defendant of guilt. The facts offered are entirely too remote to be admissible.

[3, 4] The court did not err in refusing to allow defendant to prove by the witness Odum that one Det Brogden came to the house of witness on the night of the alleged crime, that Brogden was drinking, and made a statement in the nature of a confession of guilt as to the act here charged against defendant. It is competent for a defendant to show by any legal evidence that another actually committed the offense with which he is charged, and that he is free from complicity in

its commission, but it is settled that this cannot be shown by the admissions or confessions of a third person, not under oath; such testimony being hearsay. Owensby v. State, 82 Ala. 63, 2 So. 764; West v. State, 76 Ala. 98. The rule seems to be as stated in Spicer v. State, 198 Ala. 13–16, 73 So. 396, 398:

"Where there is evidence tending to connect another with the commission of the crime with which the prisoner is charged, *and the evidence adduced against the prisoner is circumstantial* [italics ours], the defendant may adduce any legal evidence tending to fix guilt of the offense on another and to show motive on that other's part to commit the offense."

See Tatum v. State, 131 Ala. 32, 31 So. 369; Walker v. State, 139 Ala. 56–66, 35 So. 1011; Lindsey v. State, 18 Ala. App. 494, 93 So. 331; Ward v. State, 15 Ala. App. 174, 72 So. 754.

The instant case is not one of circumstantial evidence. The proof of the crime by the state's witness and the identity of defendant is positive, and hence the cases of Grissett v. State, 18 Ala. App. 677, 94 So. 271, and other cases there cited, are not in point upon the proposition here presented.

[5, 6] Ruth Blackman was one of the principal witnesses for defendant in establishing an alibi. On cross-examination, the state was permitted to show, over objection and motion to exclude, that her husband was not at home, and had not been for "some time." This testimony was in connection with questions intimating an undue intimacy between the witness and defendant, which, however, was not admitted or proven. The evidence to which exception was taken was clearly immaterial, and the only question is, Did it probably injuriously affect the defendant's case in the minds of the jury? For impeachment purposes, it may be shown that a witness and defendant were unduly intimate as affecting the interest of the witness then testifying, but this must be done by legal evidence and not by insinuation or innuendo. The fact that a woman is living separate and apart from her husband, and is visited occasionally by a kinsman who comes to see the family, is not even a circumstance to impeach her character or to prove an undue intimacy, disclosing such interest as would bias her testimony.

[7] The fact that defendant, since the alleged rape, had associated with the husband of the woman alleged to have been ravished, is immaterial and irrelevant.

Urgent insistence is made that the court should have granted a new trial because of a failure of proof. The crime was proven by the state's witnesses in every detail, and, while we may think the story as told by them is unusual, even in this class of crime, it is not impossible, and a jury has passed upon its truth. The trial judge, having the benefit of seeing the parties and hearing them testify, has refused to interfere, and this court will not disturb his ruling on this point, but for the error pointed out the judgment is reversed, and the cause is remanded.

Reversed and remanded.