155 So. 313

## LOWREY v. STATE.
### 8 Div. 877.

Court of Appeals of Alabama.
June 5, 1934.

O. Kyle, of Decatur, for appellant.

SAMFORD, Justice.

■ The sheriff of Lawrence county, on executing a search warrant, found the component parts of a still, suitable for making whisky, on the premises of defendant. These parts were found across the road from defendant's dwelling and about seventy-five yards away in a clump of woods near a spring. Near where the parts were found was an earth furnace dug in the side of the hill. The furnace and parts bore evidence of recent use. There was wood at the furnace similar to the wood at defendant's wood pile and a trail leading from the wood pile to the furnace. The nearest house, other than defendant's, was a quarter of a mile away. This evidence was sufficient when taken in connection with the surrounding circumstances and the presumptions arising by reason of the finding of parts of a still suitable for making whisky, upon which to base a verdict of conviction.

It is insisted, however, that the corpus delicti has not been proven, in that, while there were parts of a still found sufficient to raise the presumption of a completed still under section 4657 of the Code of 1923, the facts of this particular case rebut such presumption and that when the undisputed facts refute the presumption, the presumption fails. The argument is persuasive, but in this case the circumstances of a recent fire in the furnace, the smell of still slop on the ground at the place, the fact that the boiler fit the furnace, the evidence of recent use of the various parts of the still, coupled with the possession are sufficient to go to the jury as to whether the still had been recently assembled at the place and under the control of the defendant.

■ The state, over proper objection and exception, was permitted to prove that the sheriff found a keg of whisky in defendant's corn field back of his house and in no way connected with the still for which possession defendant was being prosecuted. The possession of the keg of whisky by defendant, if indeed the possession be shown, was a distinct and separate offense from the one charged, and in no way tended to prove the possession of the still in this defendant. The rulings of the court on these questions constitute reversible error. 7 Vol. Enc. Digest, Criminal Law, ⚖➜369 (1).

■ Appellant complains and claims that the court erred in permitting the sheriff to testify that defendant said to him: "He would rather we just make a case for violating the prohibition law and not make a still case; he didn't deny the liquor." There

Thos. E. Knight, Jr., Atty. Gen., for the State.

would have been merit in this, but for the fact that this testimony seems to have been admitted without objection. We are powerless to pass on the question.

There was testimony tending to prove that the sheriff had been informed of the location of the still by a woman by the name of McNutt. The defendant then attempted to prove that the McNutt woman was mad with defendant. This testimony was not admissible. McNutt was not a witness and in no way connected with the case then on trial.

There was some evidence tending to prove that a man by the name of Holmes and his son had possessed a copper still located some two hundred yards down the branch from the place where defendant's still is alleged to have been located and that on the day defendant was arrested Holmes and his son left the country. Defendant then offered to prove that Holmes stated to a witness on the day before he left that he was going to have trouble with defendant and wanted to borrow a gun.

The above evidence and some other was offered in an effort to prove that Holmes or his son had "planted" the still on defendant's premises in an effort to injure defendant, and that after the plant the McNutt woman informed the sheriff and the Holmeses left the country. The evidence tending to convict the defendant was entirely circumstantial. He, as a witness for himself, stoutly denies any knowledge or connection with the still found on his place; he claims and his witnesses corroborate his testimony that the place called a furnace by the state's witnesses was not a furnace at all and had not been used as such, but was a hole in the ground near a children's playhouse and in plain view of the public road; that the parts of the still were found in close proximity and easy to find. There was evidence tending to prove that Holmes and his son operated a copper still within two hundred yards from the place. There was also some evidence tending to connect the Holmes still with the furnace on defendant's premises. The defendant has a right to show his innocence by proof of the guilt of another, provided the evidence relates to the res gestæ of the event. McDonald v. State, 165 Ala. 85, 51 So. 629; Glass v. State, 19 Ala. App. 530, 98 So. 702. This he can do by circumstantial evidence.

There being evidence from which the jury can conclude that there is a connection between the Holmes still and the so-called furnace on the premises of defendant, it is relevant to prove any fact or circumstance tending to prove that Holmes, through fear for himself or malice towards defendant, pretended to hide the parts of his still on defendant's land, at such places as that it would be easy to find and then through another notify the officers to make the search. Espy v. State, 18 Ala. App. 536, 93 So. 307.

In making proof that Holmes is the guilty agent and not defendant, the evidence must be legal and tending to connect Holmes with the crime. In other words, it must be such evidence, as that, if Holmes was on trial charged with the offense it would be admissible. Wells v. State, 21 Ala. App. 217, 107 So. 31.

To this end it need not be such evidence as would convince the jury beyond a reasonable doubt of the guilt of Holmes, but it must be of such weight as to raise a reasonable doubt of the guilt of this defendant.

To the above indicated end, any evidence tending to prove a similarity between the still operated by Holmes and the still found on defendant's premises; the similarity of the barrel staves found at the Holmes still and the pieces found at the alleged furnace; any ill will on the part of Holmes against defendant or threats made recently by Holmes and the flight of Holmes and his son from the community, would all be relevant. Unless, however, some connection can be shown between Holmes and McNutt woman, evidence on her part would be irrelevant.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.