STATE of Iowa, Appellee,

v.

Duane E. BRANT, Appellant.

No. 60510.

Supreme Court of Iowa.

July 26, 1978.

Sherman W. Phipps, Lamoni, for appellant.

Richard C. Turner, Atty. Gen., and David H. Correll, Black Hawk County Atty., for appellee.

Considered by MOORE, C. J., and RAWLINGS, UHLENHOPP, HARRIS and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal in a murder prosecution involves four problems which arose in connection with plea and degree-of-guilt hearings and sentencing. See *State v. Rand,* 268 N.W.2d 642 (Iowa).

The record abundantly supports the State's claim that defendant Duane E. Brant and one LeRoy Rand, while riding in defendant's car, decided to rob the attendant at a Quik Trip store. Defendant drove to the store, Rand took defendant's shotgun and entered the store to hold up the attendant, Rand shot and killed the attendant in the course of the robbery, defendant panicked and drove away, Rand later rejoined defendant, and the two split about $100 which the robbery netted and also retrieved the shotgun.

The county attorney of Black Hawk County, Iowa, charged defendant with murder. Defendant pleaded not guilty.

After a change of venue and commencement of jury trial, defendant changed his plea to guilty. Following an extensive hearing, the trial court accepted the plea. Subsequently the court held a degree-of-guilt hearing, found defendant guilty of first-degree felony-murder as an aider and abettor, and sentenced him accordingly. See Code 1975, § 690.2. Defendant appealed.

I. Defendant first contends he did not understand the legal nature of the charge or the consequences of his plea, contrary to the mandate of *State v. Sisco,* 169 N.W.2d 542 (Iowa). The basic requirements of that decision are succinctly stated in *Brainard v. State,* 222 N.W.2d 711, 713 (Iowa):

They require that when a guilty plea is tendered the judge must personally address the defendant to determine whether (1) he understands the charge made, (2) is aware of the penal consequences of the plea, and (3) the plea is entered voluntarily. They also require (4) that the judge make such inquiry as will satisfy him there is a factual basis for the plea.

We have examined the transcript of the guilty-plea hearing and have no doubt that the trial court fully complied with Sisco and that defendant understood the legal nature of the charge and the consequences of the plea. As a factual matter, defendant's first contention is not meritorious.

II. Defendant next contends that his counsel, James C. Dunbar, was ineffective in not engaging in plea bargaining. The difficulty with this contention is that the evidence is insufficient to show defense counsel did not attempt bargaining.

Defendant has the burden of proving ineffectiveness of counsel. *Long v. Brewer,* 253 N.W.2d 549, 554 (Iowa) ("the burden was upon applicant to show ineffectiveness of his counsel"). See also *State v. Kendall,* 167 N.W.2d 909, 910–911 (Iowa); *State v. Myers,* 248 Iowa 44, 79 N.W.2d 382;

*State v. Benson*, 247 Iowa 406, 72 N.W.2d 438. After examining the record we hold on the facts that defendant has not sustained his burden of proving ineffective counsel.

III. Defendant asserts, third, that the trial court lacked jurisdiction to pass sentence and judgment.

■ The case arose in Black Hawk County but on defendant's motion for a change of venue the district court changed the place of trial to Winneshiek County, where trial commenced, defendant changed his plea to guilty, and the court held a hearing on the plea. Then this transpired:

The Court: At this time, then, Mr. Brant, the Court will accept your plea of guilty. Two things will be done. I will order a presentence investigation. I will set a time for hearing under Code Section 690.4 for a hearing on the degree of guilt in this case. . . .

Mr. Dunbar, do you wish that hearing held in Winneshiek County, Iowa?

Mr. Dunbar: No, sir.

The Court: Where would you like to have the hearing?

Mr. Dunbar: In Waterloo, Black Hawk County. . . .

The Court: Mr. Dunbar, in view of your motion do you and the defendant waive any . . . well, does the defendant waive any rights he may have to have the hearing continued in Winneshiek County?

Mr. Dunbar: Yes, sir, he does.

The Court: Is that true, Mr. Brant?

Defendant: What is that?

The Court: That you would rather have the hearing on the degree of guilt in Black Hawk County rather than Winneshiek County?

Defendant: Yeah, that's all right.

The Court: You are asking the Court to transfer the case back to Black Hawk County for further hearing?

Defendant: Yeah.

The trial court thereafter transferred the case back to Black Hawk County, conducted a degree-of-guilt hearing and found first-degree murder, held a hearing on sentence and considered the presentence report, passed sentence, and entered judgment.

In now challenging the transfer of the case back to Black Hawk County, defendant relies on § 778.14 of the Code which provides regarding a change of venue:

The court to which the change is granted must take cognizance of the cause, and proceed therein to trial, judgment, and execution, in all respects as if the indictment had been found by the grand jury impaneled in such court.

We believe that defendant's challenge is untenable for several reasons, of which we need mention only one. The record makes clear that defendant himself desired to have the case transferred back to its place of origin, and having acquiesced in the retransfer he is in no position to complain. *Woods v. Commonwealth*, 285 Ky. 275, 147 S.W.2d 690; *State v. Ledford*, 133 N.C. 714, 45 S.E. 944; *Berg v. State*, 64 Tex.Cr. 612, 142 S.W. 884.

IV. Finally, defendant contends that in rendering judgment the trial court erred in considering and incorporating the decision in Rand's case, especially a statement in the Rand judgment that defendant Brant "furnished the mittens and stocking cap used by Rand"—a statement which the record in the present case does not support.

■ Assuming arguendo that the trial court could take judicial notice of the Rand judgment, still we do not understand why the court in rendering its judgment here attached and incorporated the Rand judgment. That was a separate case, and defendant Brant was entitled to have his degree of guilt and sentence determined on the basis of the record in his own case. The record of conviction or acquittal in another case to which the accused was not a party is not ordinarily admissible to establish facts involved in such conviction or acquittal. *State v. Koeppel*, 250 Iowa 1052, 97 N.W.2d 926; *Glass v. State*, 19 Ala.App. 530, 98 So. 702; *Commonwealth v. Tilley*, 327 Mass. 540, 99 N.E.2d 749; 30 Am.Jur.2d Evidence § 984 at 113 ("in a criminal case the record

of conviction or acquittal in another case to which the defendant was not a party is not ordinarily admissible to establish the truth of any fact involved in such conviction or acquittal"); 23 C.J.S. Criminal Law § 846 at 318. We cannot depreciate the importance of the statement from the Rand judgment which defendant especially finds objectionable—that Brant furnished the mittens and stocking cap. A central issue in Brant's degree-of-guilt hearing was whether he was an aider and abettor to the robbery, and the mittens and cap would be forceful evidence tying him in.

We conclude that defendant's present contention is well taken. We see no necessity however for a new degree-of-guilt hearing. We therefore return the case to district court for a degree-of-guilt hearing before the same District Judge, on the record of the prior degree-of-guilt hearing but with additional argument by counsel should either or both of them desire argument. At the conclusion of the hearing the Judge is to render a decision on the degree of guilt on the record of the prior degree-of-guilt hearing without consideration of the record or judgment in Rand's case, and is to pronounce sentence accordingly. Appeal may be taken from the decision on the degree of guilt and from the sentence in accordance with chapter 814 of the Code (1977 Supp.) and division II of the Rules of Appellate Procedure. We intimate no view of course as to what the Judge's decision should be.

REVERSED AND REMANDED.