**STATE of Iowa, Appellee,**

v.

**Duane E. BRANT, Appellant.**

**No. 62921.**

Supreme Court of Iowa.

Aug. 27, 1980.

W. H. Gilliam of Gottschalk & Gilliam, Cedar Falls, for appellant.

Thomas G. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and David Correll, County Atty., for appellee.

Considered by REYNOLDSON, C. J., and LeGRAND, UHLENHOPP, ALLBEE, and McGIVERIN, JJ.

LeGRAND, Justice.

This is the second appeal of this case. On the first appeal, we remanded the matter to district court for a determination of degree of guilt based upon the record made at the time of trial. *State v. Brant*, 268 N.W.2d 210 (Iowa 1978). On remand, the trial court made such a determination, found defendant guilty of murder in the first degree, and sentenced to life imprisonment. Defendant appeals, and we affirm.

Defendant seeks to raise two issues. One concerns ineffectiveness of counsel. The other deals with the alleged failure of the trial court to make adequate findings concerning the defendant's degree of guilt. We consider first the charge of ineffective counsel.

### I. INEFFECTIVE COUNSEL.

 . We decline to consider this matter because it is not properly before us on this appeal. The matter is here on appeal from a remand hearing. We have held a trial court, on remand, may do only what is mandated by the appellate court. *State v. Mayhew*, 183 N.W.2d 723, 725 (Iowa 1971). We quote as follows from *State v. Brant*, 268 N.W.2d at 213:

> We conclude that . . . [the trial court erred in considering the record of a separate case involving LeRoy Rand when determining defendant's degree of guilt]. We see no necessity however for a new degree-of-guilt hearing. We therefore return the case to district court for a degree-of-guilt hearing before the same district judge, on the record of the prior degree-of-guilt hearing but with additional argument by counsel should either or both of them desire argument. At the conclusion of the hearing, the judge is to render a decision on the degree of guilt on the record of the prior degree-of-guilt hearing without consideration of the record or judgment in Rand's case, and is to pronounce sentence accordingly. Appeal may be taken from the decision on the degree of guilt and from the sentence in accordance with ch. 814 of the code (1977 Supp.) and Division II of the Rules of Appellate Procedure.

The trial court was thus limited to determining the degree of guilt, and only that issue is now here for review.

We express no opinion as to defendant's right to raise the issue of ineffective counsel by other appropriate proceedings.

## II. DETERMINATION OF DEGREE OF GUILT.

We reversed the first appeal because, as already noted, the trial court impermissibly relied upon the judgment rendered in another case in sentencing defendant. In addition to the quotation from that opinion set out in Division I, we also said:

[D]efendant Brant was entitled to have his degree of guilt and sentence determined on the basis of the record in his own case. The record of conviction or acquittal in another case to which the accused was not a party is not ordinarily admissible to establish facts involved in such conviction or acquittal.

*Id.* 268 N.W.2d at 212.

Defendant complains that the trial court made no adequate findings of guilt beyond a reasonable doubt of the elements constituting first degree murder. He argues that the trial court relied upon his guilty plea, pointing out that *State v. Martin,* 243 Iowa 1323, 1330–35, 55 N.W.2d 258, 262–65 (1952), requires that the court hold a hearing to determine the degree of guilt following a plea of guilty to the crime of murder. Defendant insists the court has made no finding that the defendant "was shown beyond a reasonable doubt to have participated in the robbery or that the other necessary elements of the crime have been proved against him." This claim is not borne out by the record.

The information alleged that defendant aided and abetted in the murder of Mark Alan Coombs during the course of a robbery on or about June 8, 1976. Under section 688.1, The Code 1975, the distinction between principal and accessory was abrogated. That section (now section 703.1, The Code 1979) made an accessory punishable as a principal.

Here the trial court pointed out that defendant's plea of guilty admitted all of the essential elements of the crime of murder but it did not, contrary to defendant's insis-

tence, rely on that alone. The court went on to say:

The fact situation developed during the taking of the plea further supports conviction of the crime for felony murder and the court found at the time of the acceptance of the plea that the information was well founded both in law and in fact and that the defendant had knowingly, intelligently and voluntarily entered his plea to such offense and that he understood the nature of the crime with which he was charged.

. . . . .

The record in this case is contrary to defendant's position that he did not aid and abet the robbery. The records show that the defendant furnished and operated the automobile involved, owned and furnished the gun and ammunition used, planned the robbery with LeRoy Rand, advised Rand it wasn't necessary to have the gun loaded to commit the robbery, and positioned the automobile so that their pair could make their getaway after the robbery was committed. Neither the defendant nor LeRoy Rand had any money at the time and the robbery was a planned intentional act of the defendant and LeRoy Rand to obtain money. From all of the record it is clear that the defendant, Duane E. Brant, aided and abetted LeRoy Rand in the robbery that occurred on June 8, 1976.

. . . . .

From all of the record, therefore, the court finds that defendant, Duane E. Brant, aided and abetted LeRoy Rand in a robbery of Mark Alan Coombs at the Quick Trip Store, and that in the course of the robbery LeRoy Rand murdered Mark Alan Coombs under § 681.1, The Code. The defendant therefore is tried and punished as a principal under § 690.2, The Code.

It is true not all *killings* which occur in the commission of a felony constitute murder in the first degree. Only *murders* which are thus committed become murder in the first degree. *State v. Gallo-*

*way,* 275 N.W.2d 736, 738 (Iowa 1979). In its findings the trial court set out the elements of murder as defined in section 690.1, The Code 1975. When these elements are present in the perpetration of one of the felonies mentioned in section 690.2, The Code 1975, the killing is murder in the first degree. The trial court made a specific finding based on *overwhelming factual* support that Rand *murdered* his victim during the course of a robbery. The crime thus became murder in the first degree. As an accessory to that crime, defendant is punishable as a principal under the statutory provisions already referred to. The judgment is accordingly affirmed.

AFFIRMED.