Phillip Walker was convicted of first degree theft of property; Ala. Code 1975, § 13A-8-3. The Court of Criminal Appeals affirmed his conviction, 595 So.2d 926, and Walker petitioned this Court for a writ of certiorari. Walker argues several issues relating to the "best evidence" rule and a party's right to examine voluminous business records summarized in an adverse witness's testimony. He also argues issues relating to a criminal defendant's right to present a defense by introducing evidence of another's guilt. After determining that Walker's arguments possessed probable merit, this Court issued the writ of certiorari.
In July 1988, Phillip Walker was hired as the manager of Taco Time Restaurant ("the restaurant") located in Saraland, Alabama. The restaurant is owned and operated by a parent corporation that has four shareholders. One of these four shareholders is responsible for the restaurant's business operations. Throughout this opinion he will be referred to as the "administrator." One of the other four shareholders is responsible for the management of the restaurant's finances. Throughout this opinion he will be referred to as the "bookkeeper."
Walker's managerial duties at the restaurant included collecting the money received from the sale of food and depositing it in the restaurant's bank account. Money from the sales for any given day was supposed to be deposited in the restaurant's bank account on the following business day. The restaurant had a floor safe for overnight storage of the money. Additional deposits were supposed to be made if, during the restaurant's business hours, large amounts of money accumulated in the cash registers. Although the collection and deposit of the restaurant's sales income was primarily Walker's responsibility, other restaurant employees and the administrator assisted him and they also had access to the floor safe.
The restaurant's procedure for monitoring the collection and deposit of money from sales involved Walker's daily cash reports to the administrator. Walker's cash reports included the deposit receipts and the cash register reports of the daily sales. The deposit receipts were supposed to equal the cash register reports. Walker prepared his cash reports, and the administrator collected them, on a daily basis. Monthly reports of the deposits and the sales income were also prepared.
Although the administrator and the bookkeeper were supposed to review and reconcile the daily cash reports, the monthly reports, and the restaurant's bank statements on a timely basis, their review of these reports was delayed. During mid-1990 the restaurant's bookkeeper noticed that the restaurant's bank account contained less money than Walker's cash reports and monthly reports reflected. Upon review of the restaurant's records for the first 6 months of 1990, the administrator and the bookkeeper concluded that approximately $9,100 had not been deposited. Walker was fired in June 1990, and the suspected embezzlement was reported to the law enforcement authorities. Walker was indicted and tried for first degree theft of property.
During trial, the State questioned the bookkeeper about the records for the first six months of 1990. The bookkeeper testified that the $9,100 was missing during this period. The State then attempted to question the bookkeeper about the second six months of 1990 and the regularity of deposits after Walker's termination as the restaurant's manager. This was in an effort to show that the regularity of the deposits ceased to be a problem after Walker's employment was terminated. Because the bookkeeper's knowledge was based on his examination of the restaurant's records, Walker's lawyer objected to the testimony and argued that the "best evidence" rule precluded the bookkeeper's summary testimony of what the restaurant's records showed unless Walker was given an opportunity to examine the records.
Although the record reflects that the State never had possession of the restaurant's records *Page 283 
for the second six months, the State's response to Walker's objection was that the records had been available to Walker before the trial, but that Walker had failed to request their production during discovery. The State's response was made in the face of a pre-trial discovery order requiring the State to produce all documentary evidence for Walker's inspection. This discovery order was ongoing and required the State to supplement its discovery responses with any later-obtained evidence. The trial court overruled Walker's objection and allowed the bookkeeper's testimony. Walker argues that this was reversible error.
The best evidence rule has been stated as follows:
 "When a party wishes to prove the terms of a writing, the original itself must be introduced into evidence if available. The original is said to be the best evidence of its terms and, consequently, is to be desired above such secondary evidence as a copy or oral testimony. A witness, therefore, cannot testify to the terms of a writing unless that writing is shown to be unavailable for some reason other than the introducing party's own fault."
C. Gamble, McElroy's Alabama Evidence, § 212.01 (4th ed. 1991); see also Montgomery v. State, 446 So.2d 697, 702
(Ala.Cr.App. 1983), cert. denied, 469 U.S. 916, 105 S.Ct. 291,83 L.Ed.2d 227 (1984). The necessity of the best evidence rule is explained as follows:
 "The best evidence rule has as its basic justification the prevention of fraud. This is based upon the premise that one allowed to give oral testimony as to the contents of a writing may be likely to construe the provisions in favor of his position in the case. A second justification for the rule is that oral testimony simply is not as reliable as the written word. If we allow one to orally give the details of a written document, the misapplication, misapprehension, omission, or addition of a single word may often change the character of the written declaration and the meaning of the party who made it."
C. Gamble, McElroy's Alabama Evidence, § 220.01 (4th ed. 1991); see also Kennedy v. State, 472 So.2d 1092, 1099
(Ala.Cr.App. 1984), aff'd, 472 So.2d 1106 (Ala.), cert. denied,474 U.S. 975, 106 S.Ct 340, 88 L.Ed.2d 325 (1985). Specifically applicable to the facts of the present case is the voluminous records exception to the best evidence rule, stated as follows:
 "It sometimes occurs that a fact to be proven requires an inspection and compilation of numerous and voluminous documents, such that inspection and compilation by the judge or jury at the trial would be unreasonable, impracticable or impossible. Under these circumstances, a qualified witness, who has made an examination of such documents, may state the result of his computations therefrom if, but only if, the documents are made available to the opponent for his inspection. The witness, therefore, may testify to his summary of voluminous records without having to produce the original or account for their loss."
C. Gamble, McElroy's Alabama Evidence, § 220.01 (4th ed. 1991); see also Chesteen v. State, 365 So.2d 102, 108
(Ala.Cr.App. 1978), cert. quashed, 365 So.2d 108 (Ala. 1978) (emphasis added). The opposing party's opportunity to examine the records that are the subject of the witness's summary testimony is a condition precedent to the admissibility of the summary testimony, and the trial judge does not have discretion to waive this requirement. The purpose of giving the opposing party an opportunity to examine the records is to enable the opposing party to attack and disprove the summary testimony by showing inaccuracies, ambiguities, etc., if they should exist.
In the present case, Walker never had an opportunity to inspect the restaurant's records for the second six months of 1990; nor did Walker have reason to expect that the State would elicit the bookkeeper's summary testimony as circumstantial evidence of Walker's guilt.
The State attempts to rebut Walker's argument by asserting that the bookkeeper was merely testifying to information within his personal knowledge and that, therefore, the "best evidence rule" should not apply. It is true that several decisions, namely Allen v. State, 555 So.2d 1185 (Ala.Cr.App. 1989), and *Page 284 Johnson v. State, 541 So.2d 1112, 1116 (Ala.Cr.App. 1989), have stated that when a witness testifies based upon his own personal knowledge, independent from any document, the "best evidence" rule does not apply. Here, however, it is clear from the record that the bookkeeper did not testify independently of the restaurant's internal records, but relied exclusively on them. Accordingly, this Court must reverse the judgment and remand the case for a new trial.
Walker next contends that the trial court erred in refusing to allow him to cross-examine the administrator on the subject of his salary and life-style. According to the offer of proof, Walker intended to show, through cross-examination of the administrator, that his salary was insufficient to support what Walker alleges was an affluent life-style. Walker argues that this evidence, along with other evidence of the administrator's opportunity to take the money, was admissible as part of his defense.
Generally, an accused may offer evidence that some other person committed the crime. See, e.g., C. Gamble, McElroy'sAlabama's Evidence, § 48.01(1) (4th ed. 1991). To be admissible, evidence of this kind must meet several requirements, one of which is that the evidence would have to be admissible if the third party was on trial. Lowrey v. State,26 Ala. App. 159, 155 So. 313 (1934); Green v. State, 258 Ala. 471, 64 So.2d 84 (1953); Morris v. State, 25 Ala. App. 175,142 So. 685 (1932). Also, the proffered evidence must relate to the "res gestae" of the crime — that is, it must be derived from and related to the facts and circumstances of the alleged crime. Toliver v. State, 142 Ala. 3, 38 So. 801 (1905);McDonald v. State, 165 Ala. 85, 51 So. 629 (1910). This kind of evidence is particularly important where the State's case rests primarily upon circumstantial evidence, as it does here. This court has held that blame-shifting proof can take a wide range in such a case, stating in Green, supra, that "[i]n order to rebut the circumstantial evidence against him, the defendant had a right to introduce any legal evidence tending to show that someone else may have been guilty in exoneration of himself." See also Scott v. State, 96 Ala. 20, 11 So. 193
(1892).
The ability to utilize exculpatory evidence in cases involving circumstantial evidence is not unlimited, however, even if the aforementioned requirements are fulfilled. Walker urges us to adopt a rule admitting evidence that couples opportunity of a third party to commit the alleged crime (here, the administrator's access to the floor safe and his practice of occasionally relieving Walker of his duty to make deposits) with evidence connecting the third party to the crime (Walker says the evidence would have shown that the administrator had received fruits of the crime because, Walker says, his life-style outstripped his financial means). Although we realize that such a rule may well be a logical extension ofGreen and Lowrey, which held admissible evidence that combined opportunity of a third party with a strong motive by the third party, we decline to adopt a rule making such evidence necessarily admissible. We decline to do so because the admissibility of such evidence must rest within the sound discretion of the trial judge. Baker v. State, 555 So.2d 273
(Ala.Cr.App. 1989).
REVERSED AND REMANDED.
All of the Justices concur.