I dissent from the holding that by excluding from evidence certain court documents the trial court denied Griffin the right to put on a defense. Griffin says that the excluded documents indicate that two other men were previously prosecuted for Davis's murder and that one of those men, Anthony Embry, pleaded guilty to the murder. In fact, the documents at issue are not probative.
Griffin sought to introduce a copy of the order of the Jefferson Circuit Court accepting Anthony Embry's plea of guilt to a charge of murder and sentencing him to imprisonment for 20 years and 30 days. The trial court properly excluded this document. The document does not state that Embry pleaded guilty to the murder of Davis; it does not mention the victim's name at all. It does refer to "Court's Exhibit A," but "Court's Exhibit A" is not in the record before this Court. Accordingly, we cannot determine whether that document would have been probative of Embry's guilt and Griffin's innocence. The order accepting Embry's guilty plea is not relevant evidence because it does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Ala. R. Evid. Accordingly, that document was not admissible, and the trial court properly excluded it. Rule 402, Ala. R. Evid.
The remaining documents offered by Griffin include copies of motions, docket sheets, and other miscellaneous documents that have no evidentiary value whatever. The trial court did not err in excluding these documents.
I agree that it would have been error for the trial court to preclude Griffin from presenting evidence indicating that Embry and Miles, and not Griffin and his accomplices, murdered Davis. That is not what happened in this case. Griffin could have subpoenaed Embry or Miles, but he did not.[3] I have not found in the record the exclusion of any evidence offered by Griffin that met the three elements for the admissibility of the evidence of another's guilt set forth in the main opinion: "(1) the evidence `must relate to the "res gestae" of the crime'; (2) the evidence must exclude the accused as a perpetrator of the offense; and (3) the evidence `would have to be admissible if the third party was on trial.'" 790 So.2d at 354 (citing Ex parteWalker, 623 So.2d 281, 284 (Ala. 1992); Thomas v. State,539 So.2d 375, 394-96 (Ala.Crim.App. 1988)). Accordingly, I dissent.
[3] Griffin did call as a witness Chiquita Norman, who was at the scene of the murder but did not see the actual shooting. Norman testified that she had identified Embry in police photographs as someone she had seen before but not as someone she saw at the crime scene.