MURDOCK, Justice
(concurring in the result).
I concur in the result because I believe the best-evidence rule simply is inapposite to this case and to Andrew Brown’s testimony as to whether Charles H. Stephens was in fact delinquent in his payments on the promissory note he had executed in favor of First Commercial Bank (“FCB”).
The best-evidence rule applies when the terms of a writing, as such, are at issue.
“When a party wishes to prove the terms of a writing, the original itself must be introduced into evidence if available. The original is said to be the best evidence of its terms and, consequently, is to be desired above such secondary evidence as a copy or oral testimony. A witness, therefore, cannot testify to the terms of a writing unless the original of that writing is shown to be unavailable.”
II Charles W. Gamble and Robert J. Goodwin, McElroy’s Alabama Evidence § 212.01(1) (6th ed.2009) (footnotes omitted; emphasis added).
“The best evidence rule has as its basic justification the prevention of fraud. This is based upon the premise that one allowed to give oral testimony as to the contents of a writing may be likely to construe the provisions in favor of his position in the case. A second justification for the rule is that oral testimony, or other secondary evidence, simply is not as reliable as the written word. If one is allowed orally to give the details of a written document, for example, the misapplication, misapprehension, omission, or addition of a single word may often change the character of the written declaration and the meaning of the party who made it.”
McElroy’s Alabama Evidence § 212.02 (footnotes omitted). See also, e.g., Rose Manor Health Care, Inc. v. Barnhardt Mfg. Co., 608 So.2d 358, 360-61 (Ala.1992) (“[T]he failure to attach the invoices was not fatal to [the appellee’s] summary-judgment motion, at least in the absence of any response by [the appellant] that made the invoices themselves crucial to the decision in the case.” (emphasis added)).
Unlike, for example, a contract that has been reduced to writing — where it matters what that particular document says — the content of FCB’s books and records themselves is not the issue here. The issue is whether Stephens was in fact late in his payments. As to this issue, Brown gave testimony based on his “personal knowledge.” See, e.g., Lipscomb v. Tucker, 294 Ala. 246, 255-56, 314 So.2d 840, 847-48 (1975) (upholding the admissibility of the personal-knowledge testimony of a witness as to his mortgage-payment history in the face of an objection that the “best-evidence rule” required instead the introduction of applicable records).
*741 It is true that Brown also testified in his affidavit that the books and records of FCB are maintained in the ordinary course of FCB’s business and under his supervision and control and that “any information set forth below with regard to said records is true, valid and correct as reflected upon [those] books and records.” Even if the viability of Brown’s testimony were deemed to depend upon the admissibility of these passages, I find these passages not to be materially different than those to which approval was given in Real Coal, Inc. v. Thompson Tractor Co., 379 So.2d 1249, 1250 (Ala.1980) (in which the vice president of a company testified: “ ‘I have personally reviewed the books and records of the company with respect to the obligations of the defendants to plaintiff and have caused the attached exhibits to be prepared to reflect the items which comprised each account.’ ”). I find Ex parte Walker, 623 So.2d 281 (Ala.1992), distinguishable from the present case.