# IN THE COURT OF APPEALS OF IOWA

No. 23-1283
Filed October 2, 2024

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JOSHUA STEVEN NELSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford,

Judge.

Joshua Steven Nelson appeals the sentence imposed after he pled guilty

to one count of domestic abuse assault causing bodily injury, second offense.

**AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee.

Considered by Ahlers, P.J., and Chicchelly and Buller, JJ.

**CHICCHELLY, Judge.**

Joshua Steven Nelson appeals the sentence imposed after he pled guilty to one count of domestic abuse assault causing bodily injury, second offense, an aggravated misdemeanor.[1] He contends the district court abused its discretion by ordering him to serve a two-year term of incarceration rather than suspending his sentence.[2] Because Nelson has not proved the court abused its discretion, we affirm his sentence.

We review sentencing decisions for correction of errors at law. *Damme*, 944 N.W.2d at 103. Because a decision to impose a specific sentence that falls within the statutory limits has "a strong presumption in its favor," we only overturn it if the court abused its discretion or considered inappropriate matters. *Id.* at 105–06.

Nelson contends the district court abused its sentencing discretion by considering unproven charges. *See State v. Gordon*, 921 N.W.2d 19, 25 (Iowa 2018) (stating that the court cannot consider unproven or unprosecuted offenses

---

[1] Because Nelson only appeals his sentence and does not challenge his underlying plea, we have jurisdiction over this appeal. *See* Iowa Code § 814.6 (2022); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] Nelson also requests remand for a new sentencing hearing because his attorney appeared at sentencing by telephone rather than in person. He cites Iowa Rule of Remote Procedure 15.403, which the court adopted after his sentencing. Even if the rule applied to Nelson's sentencing, he never raised the issue below and his attorney requested a continuation the night before sentencing and thanked the court for allowing him to appear by phone. He cannot now raise the issue on appeal. *See State v. Gomez Medina*, 7 N.W.3d 350, 355 (Iowa 2024) ("If an issue was never presented to the district court to rule on, and if the district court did not in fact rule on it, we lack any 'error' to correct."); *State v. Brant*, 268 N.W.2d 210, 212 (Iowa 1978) ("The record makes clear that defendant himself desired to have the case transferred back to its place of origin, and having acquiesced in the retransfer he is in no position to complain.").

unless the facts show the defendant committed the offense or the defendant admits it). At the sentencing hearing, the prosecutor asked to supplement Nelson's criminal history before noting that Nelson had two criminal charges pending against him. The district court responded that it could not consider pending matters and was "not interested in what is pending and unresolved." The court then considered various sentencing factors, finding that those factors were both "good and bad" for Nelson.

> The good is that you have . . . been working and staying out of trouble since this last most recent case . . . developed. You have been successful on pretrial release. Weighing those two, I just can't ignore the past, and I hate to disrupt a good job for you . . ., but I think I have got to err on the side of protecting the community and the fact that we have got two different victims, one in each case. And that one was committed while the other one was pending. And the history that there has been probation efforts before on various crimes and didn't work out and even after a prison stint on a felony domestic, same kind of behavior.

Nelson falls short of showing the court considered an improper sentencing factor. The prosecutor's reference to pending criminal charges alone does not show the court considered them in imposing sentence. *State v. McCollaugh*, 5 N.W.3d 620, 627 (Iowa 2024) ("To establish reversible error based on an improper sentencing factor, the defendant is required to show that the court was not just merely aware of the factor, but that it relied on the factor in determining its sentence."). Despite that reference, the court's statement that Nelson has "been working and staying out of trouble since this last most recent case" shows it did not consider unproven charges. The court properly considered the need to protect the community and Nelson's criminal history, including past sentences of probation, before sentencing Nelson to a two-year term of incarceration. *See* Iowa

Code § 901.5 (requiring the court to determine which sentence authorized by law "will provide maximum opportunity for the rehabilitation of the defendant, and for the protection of the community from further offenses by the defendant and others"); *Damme*, 944 N.W.2d at 106 (requiring the court to consider "the defendant's prior record of convictions or deferred judgments, . . . as well as which of the sentencing options would satisfy the societal goals of sentencing" (citation omitted)). Because Nelson has not met his burden of showing that the court considered an improper sentencing factor, we affirm.

**AFFIRMED.**