■ In the Matter of ROBERT J. SHEDRICK, Appellant, v THOMAS A. COUGHLIN, as Commissioner of Correctional Services, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered September 10, 1990 in Chemung County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to release certain documents requested under the Freedom of Information Law.

This case arises out of a request made by petitioner to respondent Superintendent of Elmira Correctional Facility in Chemung County pursuant to the Freedom of Information Law (Public Officers Law art 6) (hereinafter FOIL) for the Alcoholics Anonymous records of an inmate at the facility who previously testified at petitioner's criminal trial. Petitioner apparently sought the records for purposes of submission in a prospective CPL 440.30 motion to vacate the conviction which resulted from that trial. Petitioner's FOIL request was initially denied based upon the absence of consent by the inmate to release the records. This determination was affirmed upon administrative review on the ground that under Public Officers Law § 87 (2) (a), the records were exempt from disclosure because they are deemed to be confidential by Federal statute (i.e., 42 USC § 290dd-3 [a]). Petitioner then commenced this CPLR article 78 proceeding challenging respondents' determination. Respondents answered the petition and raised various objections in point of law, including that access to the records sought was prohibited by Public Officers Law § 87 (2) (a). Supreme Court dismissed the petition and this appeal ensued.

There should be an affirmance. Having made his request for the records on no basis other than his statutory rights to disclosure under FOIL, petitioner is bound by the statutory limitation on those rights represented by the exemption set forth in Public Officers Law § 87 (2) (a), the applicability of which he does not contest on this appeal. To the extent that petitioner has a right to obtain the Alcoholics Anonymous records on other grounds for use in connection with his criminal conviction, that right, if any, should be determined upon an application in the postconviction proceeding where he seeks to use them (cf., People v Gissendanner, 48 NY2d 543, 550; People v Robinson, 87 AD2d 877, 878 [holding that disclosure of confidential information may be warranted in the context of a pending criminal proceeding where defendant is able to demonstrate relevance and materiality]).

Mikoll, J. P., Mercure, Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.