## (April 23, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v DARROW ROBINSON, Defendant. In the Matter of the NEW YORK STATE DEPARTMENT OF LABOR, Appellant, v DARROW ROBINSON, Respondent. — Appeal by the petitioner New York State Department of Labor from an order of the Supreme Court, Kings

County (Feldman, J.), dated April 7, 1982, which (1) denied its motion to quash a judicial (trial) subpoena duces tecum served upon it by a defendant in a pending criminal action and (2) directed it to produce the documents sought by the subpoena for an *in camera* inspection. Order reversed, on the law, without costs or disbursements, and petitioner's motion to quash is granted. On this appeal we are once again called upon to resolve a conflict between the Sixth Amendment rights of confrontation and compulsory process by a defendant in a criminal trial and the statutory privilege of confidentiality asserted by a third party. The defendant has been indicted for the crimes of robbery and assault which allegedly occurred at his former employer's store. It appears that the main prosecution witness will be defendant's former employer. In prepara- ○ tion for the defense, the defendant's counsel served a judicial subpoena duces tecum upon the Unemployment Insurance Appeal Board of the New York State Department of Labor seeking the production of records relating to an unemployment insurance claim filed by the defendant. The New York State Department of Labor moved to quash the subpoena on the ground that the material sought by the subpoena was absolutely privileged from disclosure pursuant to section 537 of the Labor Law, which provides in pertinent part: "1. Use of information. Information acquired from employers or employees pursuant to this article * * * shall not be open to the public nor be used in any court in any action or proceeding therein unless the commissioner is a party to such action or proceeding, notwithstanding any other provisions of law." In opposition to the written motion to quash, defense counsel did not submit written papers, but instead orally argued before Criminal Term. Defense counsel's position, as stated by Criminal Term, was that the records sought by the subpoena had "a direct bearing upon the credibility of the complainant, in that they purportedly contain his prior, sworn statement on a material issue — a statement inconsistent with his testimony before the grand jury herein." Defense counsel alleged that the employer had given a prior sworn statement during the administrative proceedings concerning defendant's unemployment insurance claim in which he indicated that defendant had never been in his employ. On the basis of counsel's representation, Criminal Term held that "defendant's right to a full and fair trial, guaranteed by the Fifth and Sixth Amendments, outweighs the policy concerns which underlie the Labor Law privilege." Accordingly, it denied the motion to quash the subpoena and directed the Department of Labor to produce the documents sought by the subpoena for an *in camera* inspection by the court. As this court recently indicated in *People v Marin* (86 AD2d 40), the opinion of the New Jersey Supreme Court in *Matter of Farber* (78 NJ 259), represents one of the most comprehensive judicial examinations of the conflict between a defendant's Sixth Amendment rights of confrontation and compulsory process and the statutory privileges or constitutional rights asserted by third parties. In *Farber,* the court held that a defendant's constitutional rights of confrontation and compulsory process could prevail over a claim of statutory privilege, if the defendant could demonstrate "relevance, materiality, absence of less intrusive access, and need" (*Matter of Farber,* p 275). However, the court issued the following caveat (p 277): "We wish to make it clear, however, that this opinion is not to be taken as a license for a fishing expedition in every criminal case where there has been investigative reporting, nor as permission for an indiscriminate rummaging through newspaper files." The courts of this State have also consistently held that a subpoena duces tecum may not be used as a fishing expedition for purposes of discovery or to ascertain the existence of evidence, but rather to compel the production of specific documents that are relevant and material to facts at issue in a pending judicial proceeding (*People*

*v Gissendanner,* 48 NY2d 543; *People v Price,* 100 Misc 2d 372; *People v Hasson,* 86 Misc 2d 781; *People v Fraiser,* 75 Misc 2d 756). Although defense counsel initially represented to Criminal Term that the complainant-employer had made a prior sworn statement inconsistent with his Grand Jury testimony, he conceded on the argument of this appeal (1) that he was allowed to order, and did in fact receive, the minutes of the administrative hearing relating to defendant's claim for unemployment insurance and (2) that, upon his examination of these minutes, he discovered that the employer had not made any prior inconsistent statement, and indeed did not testify at all before the administrative tribunal. In view of this concession, it is obvious that the whole underpinning of Criminal Term's decision directing an *in camera* inspection has evaporated. Indeed, in the face of this concession, defense counsel during the argument of the instant appeal could not otherwise point to any specific item in the file that he sought which would be material and relevant to the defense, but rather urged this court to permit production of the records in question so that he could go through them in the hope of possibly finding something helpful to his client's case. This is precisely the sort of fishing expedition through the use of a subpoena which the courts have consistently refused to sanction (see *Matter of Farber, supra; People v Gissendanner, supra; People v Marin, supra*). Finally, we are not unmindful of defense counsel's argument that the Department of Labor's claim of an absolute statutory privilege against disclosure herein has been waived by virtue of the fact that he was allowed to order, and indeed received, the minutes of the administrative hearing conducted on defendant's claim for unemployment insurance. However, this waiver argument was never raised at Criminal Term, although it could have been, and therefore has not been preserved for appellate review. Accordingly, the order appealed from is reversed, and petitioner's motion to quash granted. Gulotta, J. P., O'Connor, Thompson and Brown, JJ., concur.