THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
LAWRENCE CANNON, Defendant-Appellant.

First District (5th Division)   No. 83—2158

Opinion filed September 21, 1984.

Jeffery M. Leving, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Jane E. Liechty, and Neil J. Linehan, Assistant State's Attorneys, of counsel), for the People.

JUSTICE LORENZ delivered the opinion of the court:

On December 28, 1981, the defendant, Lawrence Cannon, was sentenced to a term of three years' probation upon his conviction for robbery, and on September 13, 1982, he was sentenced to a concurrent term of 30 months' probation for felony theft. (Ill. Rev. Stat. 1981, ch. 38, pars. 18—1, 16—1.) Subsequently, on September 6, 1983, he was found guilty of violating probation by committing the offense of retail theft, his probation was revoked and he was sentenced to concurrent terms of five years in the penitentiary. He appeals, contending the trial court abused its discretion by striking his subpoena for statistical evidence from the State, which he claims deprived him of the right to present evidence of an impermissible standard in its institution of felony probation revocation proceedings prior to trial on the criminal charge which constitutes the violation.

The record shows that on December 28, 1981, the defendant entered a plea of guilty to the offense of robbery before Judge Mahon and was sentenced to a term of three years' probation. On September 13, 1982, defendant appeared before the same judge and entered another plea of guilty to a charge of theft by embezzlement of approximately $12,000 from his employer; he was sentenced to 30 months' probation, including one year of periodic imprisonment upon the latter plea.

On December 30, 1982, the defendant was charged by misdemeanor complaint with retail theft. The State then filed two petitions asserting a violation of probation, and the defendant moved to delay proceedings on the petitions until the disposition of the retail theft case. Defendant also caused the State's Attorney of Cook County to be served with a *subpoena duces tecum* as follows:

> "YOU ARE COMMANDED ALSO to bring the following: (1) The Cook County States Attorney's Office practice in proceeding in Felony violation of Probation Hearings when the underlying basis for V.O.P. is a misdemeanor charge. Does V.O.P. hearing proceed first, or the trial of the misdemeanor charge which is the basis for the V.O.P. (2) Bring statistics for the last two years showing how the Cook County State's Attorney Office has proceeded in Felony V.O.P. Hearings when the basis of the V.O.P. Hearings were misdemeanor charges (was the misdemeanor tried first, or was the V.O.P. Hearing tried first?) in

your possession or control."

After hearing the arguments of counsel, the trial court granted the State's motion to strike the *subpoena duces tecum* and denied the defendant's motion to delay probation revocation proceedings.

Briefly, the evidence at the revocation hearing showed the defendant was in a T. J. Maxx retail store on December 30, 1982. A security guard testified that he saw the defendant go to the rear of the store with two pairs of men's slacks. He put one pair inside the waist area of his trousers and the other pair inside his jacket underneath the left arm. Defendant then walked through the store to its only exit on Cicero Avenue, passing the cash registers without stopping. The security guard and a store manager caught the defendant in their parking lot and brought him inside to the security office, where defendant asked if he could be given a "break" because he had a wife and six children and was on probation.

For the defense, Debra Adams and defendant's 12-year-old son testified they had been in the store with the defendant, but left him inside to go to another store in the shopping mall. Each said the defendant yelled to them when they were about 300 feet away, but that they did not see him after that time. Defendant testified that Debra Adams was his girl friend and that he yelled to her for the purpose of getting her to come back and pay for the pants. He admitted he had them on his arm, but said he went no further than the store vestibule to call Debra. He denied the pants were concealed on his person and denied that he was outside the store premises.

Defendant contends that the trial court erred by striking his subpoena for statistical evidence from the State. He maintains that because of the court's action, he was denied the right to present evidence of an impermissible standard used by the State in its decision to proceed for a probation revocation prior to the trial of the underlying misdemeanor charge of retail theft. He further states that statistics regarding "office policy" of the State's Attorney in probation revocation proceedings are relevant to prove an impermissible standard.

■■■ A *subpoena duces tecum* will be quashed if the requesting party fails to show: (1) that the material sought is evidentiary and relevant; (2) the material sought is not otherwise reasonably procurable by the exercise of due diligence in advance of trial; (3) that the requesting party cannot properly prepare for trial without such production and the failure to obtain the materials sought may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general "fishing expedition." (*United States*

*v. Nixon* (1974), 418 U.S. 683, 41 L. Ed. 2d 1039, 94 S. Ct. 3090.) Defendant is entitled to material which tends to negate his guilt as to the offense charged, and to evidence material to the preparation of his case not covered by the Supreme Court Rules. (*People v. Dunigan* (1981), 96 Ill. App. 3d 799, 421 N.E.2d 1319.) In order for a defendant to invoke a defense based on the theory of denial of equal protection of the law, he must show not only selectivity but also the application by law enforcement officials of an unjustifiable or impermissible standard in making the selection. (*Oyler v. Boles* (1962), 368 U.S. 448, 7 L. Ed. 2d 446, 82 S. Ct. 50; *People v. Brandstetter* (1982), 103 Ill. App. 3d 259, 270, 430 N.E.2d 731.) In the absence of evidence that the defendant has been illegally discriminated against, the court may not determine that the prosecutor has exercised his lawful discretion arbitrarily against defendant or that he applied an impermissible standard by basing his decision on a characteristic of the defendant, such as race, religion or nationality, to the defendant's disadvantage. *People v. Golz* (1977), 53 Ill. App. 3d 654, 368 N.E.2d 1069.

■ In the instant case, defense counsel argued that the prosecution arbitrarily chose to institute the revocation proceedings prior to trial on the misdemeanor charge of retail theft, thereby depriving defendant of a right to defend himself. As to the subpoena, he argued that he needed statistical evidence from the State to show bias on the part of the State, stating that defendant is a member of the minority race. Defense counsel did not show that the requested statistical data in the subpoena would tend to support any allegation of fact based on a discriminatory bias against the defendant. He merely speculated that these files would aid his defense; such speculation amounted to nothing more than a general "fishing expedition." Furthermore, the law in Illinois is that a defendant has no right, nor is the State obligated, to delay defendant's probation revocation hearing until after a trial for the underlying offense which constituted the violation of probation. (*People v. Huff* (1976), 44 Ill. App. 3d 273, 357 N.E.2d 1380.) We therefore hold that there is no merit to the contention of the defendant.

The judgment of the circuit court of Cook County is affirmed.

Affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.