■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY J. MARTONE, on Behalf of ANGEL SANTANA, Appellant, v WARDEN OF THE QUEENS HOUSE OF DETENTION et al., Respondents.—In a habeas corpus proceeding, the petitioner appeals from a judgment of the Supreme Court, Queens County (Naro, J.), dated March 27, 1991, which, after a hearing, dismissed the writ and remanded Angel Santana to the custody of the New York City Department of Corrections pending his delivery to the custody of Illinois law enforcement officials.

Ordered that the judgment is affirmed, without costs or disbursements.

Angel Santana was arrested on a warrant issued by the Governor of New York pursuant to a demand for extradition by the Governor of Illinois. The underlying offense in Illinois is murder in the first degree allegedly committed on May 6, 1990, in Chicago. The petitioner, an attorney representing Santana, then commenced this habeas corpus proceeding on his behalf contending, among other things, that the extradition warrant was legally insufficient. Prior to a hearing on the habeas corpus application, the petitioner moved for the issuance of a subpoena duces tecum requiring the Extradition Unit of the Governor's Office to produce documents pertaining to his extradition. The Supreme Court denied this motion and thereafter dismissed the writ. The petitioner now appeals alleging, among other things, that the denial of his motion for the issuance of a subpoena duces tecum prevented him from effectively challenging the extradition warrant. We disagree.

The petitioner has failed to specify the relevance of the material sought or to assert any factual predicate which would demonstrate his need for the documents *(see, People v Gissendanner,* 48 NY2d 543; *Matter of Gelderman,* 111 AD2d 332). A subpoena duces tecum may not be utilized "to ascertain the existence of evidence" *(People v Gissendanner, supra,* at 551) or "used as a fishing expedition for purposes of discovery" *(Matter of New York State Dept. of Labor v Robinson,* 87 AD2d 877, 878). Here, the petitioner's request is supported by nothing more than general allegations including, for example, that he was prevented from formulating an equal protection claim as the result of nondisclosure. In the absence

of some demonstration of relevance or a factual predicate, the denial of the application was proper. Mangano, P. J., Kooper, Sullivan and Harwood, JJ., concur.