° ■ In the Matter of ANTHONY E. DECROSTA, Respondent, v

---

STATE POLICE LABORATORY, Appellant.—Weiss, P. J. Appeal from an order of the Supreme Court (Cobb, J.), entered January 29, 1991 in Columbia County, which granted petitioner's motion pursuant to CPLR 2307 for the issuance of a judicial subpoena duces tecum.

Petitioner moved for a judicial subpoena duces tecum pursuant to CPL 610.20 (3), CPLR 2306 (b) and 2307 requiring the production of a generalized category of records thought to be in the possession of respondent for discovery purposes in his defense of pending criminal charges against him for driving while intoxicated.* This appeal is from the order of Supreme Court which granted the application. We reverse.

The records sought relate to a specific breathalyzer ampule lot and simulator lot. Generally, a subpoena duces tecum may not be used as a fishing expedition for the purpose of discovery or to ascertain the existence of evidence *(People v Gissendanner,* 48 NY2d 543, 551; *Matter of Constantine v Leto,* 157 AD2d 376, 378, *affd* 77 NY2d 975; *People v Robinson,* 87 AD2d 877, 878). This is precisely what petitioner has sought to do. His admitted intention is to search and examine the laboratory records in the hope of finding something helpful to his defense, which clearly is not a sanctioned use of a judicial subpoena duces tecum *(see, People v Robinson, supra,* at 879). Discovery requests are governed by statute and CPL 240.20 (1) (k) specifically provides for the disclosure of materials involving scientific tests *(see, Matter of Constantine v Leto, supra).*

Moreover, petitioner has wholly failed to make the requisite factual predicate demonstrating that it is reasonably likely that the seemingly voluminous material will produce relevant or exculpatory evidence *(see, Matter of Constantine v Leto, supra).* While this court is familiar with recent cases presenting difficulties with breathalyzer ampoules *(see, People v Sperber,* 177 AD2d 725; *People v Uruburu,* 169 AD2d 20, *lv denied* 78 NY2d 1082), the record fails to establish how the factual situation in those cases bears relevance to this proceeding. To the extent that they might be relevant to a criminal proceeding against petitioner, he is not without his defenses in that the prosecution must still prove the integrity of the breathalyzer ampules and simulator *(see, People v Colon,* 180 AD2d 876).

---

* The only reference in the record to the pending criminal charge is by an attorney employed by respondent, based upon information and belief, the grounds for which have not been stated, that petitioner is charged with "driving while intoxicated".

Mikoll, Yesawich Jr. and Levine, JJ., concur. Ordered that the order is reversed, on the law, without costs, and motion denied.