PER CURIAM.
The petitioner, Summit Medical Center of Montgomery, Inc., d/b/a Beacon’s Women’s Center (hereinafter referred to as “Beacon’s”), filed this petition for a writ of mandamus directing Judge Charles Price to quash a subpoena duces tecum directed to Beacon’s. The subpoena was issued as a result of criminal charges filed against Bernetta L. Willis; Willis was charged with theft of property in the second degree for allegedly stealing the contents of a handbag that was in a bathroom at Beacon’s clinic on March 27, 2001. Before trial, Willis moved for a subpoena duces tecum to be issued to Beacon’s requesting the names of all individuals who were in the building on March 27, 2001, between the hours of 4 p.m. and 6:30 p.m., the period during which the contents of the handbag were stolen. The subpoena also requested a complete list of all receipts for moneys paid to Beacon’s by Willis and her codefendant on March 27, 2001. Beacon’s failed to deliver the requested materials; Willis filed a motion to compel. Beacon’s *616 then filed a motion to quash the subpoena. After a hearing on the motions, Judge Price modified the subpoena as to the production of the receipts, but he denied the motion to quash. Beacon’s then filed this petition for a writ of mandamus. Willis’s trial was scheduled for August 21, 2002. We stayed all action in the circuit court pending the resolution of this mandamus petition.
Initially, we must determine if a mandamus petition is the appropriate method by which to obtain review of Judge Price’s ruling denying the motion to quash the subpoena duces tecum. Although Beacon’s is not a party to the criminal action against Willis, a mandamus petition may be used to review rulings on motions to quash subpoenas from parties and nonparties. In Ex parte Thackston, 275 Ala. 424, 426, 155 So.2d 526 (1963), the Alabama Supreme Court stated, “[t]his court has reviewed the issuance of a subpoena duces tecum, both as to parties and nonparties, or witnesses, on a petition for mandamus.” See also State v. Reynolds, 819 So.2d 72 (Ala.Crim.App.1999).
Beacon’s argues that Judge Price erred in denying the motion to quash the subpoena duces tecum because, it says, the subpoena was being used for discovery purposes — a purpose prohibited by law. It further argues that the subpoena should be quashed pursuant to Rule 17.3(c), Ala. R.Crim.P.„ because, it argues, compliance with the subpoena would be “unreasonable, oppressive, or unlawful.”
Willis responds that she has complied with all of the prerequisites of United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974); therefore, she argues, she is entitled to the requested documents. Willis further asserts that the trial court failed to make findings of facts concerning the four factors used in Nixon to determine whether the requested documents should be produced; and she argues that we should direct the trial court to comply with our holding in Reynolds, supra, requiring the trial court to address the Nixon factors.
This ease is similar to Reynolds. In Reynolds, the State filed a petition for a writ of mandamus directing the trial court to quash the subpoena duces tecum issued to the Green Bottle Grill restaurant. The accused, Jacqueline Reynolds, had been employed at the Green Bottle Grill as a bookkeeper. Reynolds was accused of stealing approximately $12,000 from the Green Bottle Grill. Reynolds served a subpoena duces tecum on the Green Bottle Grill, seeking numerous records and financial documents that were created before Reynolds’s employment with the company. We wrote:
“The view adopted by the Alabama Supreme Court in Rule 17.3(d), [Ala. R.Crim.P.] was previously expressed by the United States Supreme Court in United States v. Nixon, 418 U.S. 683, 698-700, 94 SiCt. 3090, 41 L.Ed.2d 1039 (1974). In Nixon, the United States Supreme Court stated:
“ ‘A subpoena for documents may be quashed if their production would be “unreasonable or oppressive,” but not otherwise. The leading case in this Court interpreting this standard is Bowman Dairy Co. v. United States, 341 U.S. 214, 71 S.Ct. 675, 95 L.Ed. 879 (1951). This case recognized certain fundamental characteristics of the subpoena duces tecum in criminal cases: (1) it was not intended to provide a means of discovery for criminal cases, id., at 220; (2) its chief innovation was to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials; ibid. As both parties agree, cases *617 decided in the wake of Bowman have generally followed Judge Weinfeld’s formulation in United States v. Iozia, 13 F.R.D. 335, 338 (S.D.N.Y.1952), as to the required showing. Under this test, in order to require production prior to trial, the moving party must show: (1) that the documents are evi-dentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general “fishing expedition.” ’
“(Footnotes omitted; emphasis added.) This Court has embraced the standard of review set out in United States v. Nixon. See Sale [v. State, 570 So.2d 862 (Ala.Crim.App.1990) ], and Williams v. State, 489 So.2d 4 (Ala.Cr.App.1986).
“Our analysis of the validity of Judge Williams’s ruling is hampered by the fact that he failed to make findings of fact as to the four factors set out in United States v. Nixon.”
819 So.2d at 75-76. In Reynolds, we ordered the circuit court to make specific findings concerning the four factors articulated by the United States Supreme Court in United States v. Nixon.
In compliance with our holding in Reynolds, we direct the Circuit Court of Montgomery County to address the four factors in United States v. Nixon. Specifically, the court is directed to address (1) whether the documents requested by Willis are evidentiary and relevant; (2) whether they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) whether Willis can prepare for trial without the production and inspection of the requested documents in advance of trial and whether the failure to inspect the documents may tend unreasonably to delay the trial; and (4) whether the application for the subpoena was made in good faith and not as a general “fishing expedition.” See United States v. Nixon. The trial court is directed to file its findings with this Court no later than 42 days from the date of this opinion.
ORDER ISSUED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ., concur.