On Return

PER CURIAM.
The petitioner, Summit Medical Center of Montgomery, Inc., d/b/a Beacon’s Women’s Center (hereinafter referred to as “Beacon’s”), filed a petition for a writ of mandamus directing Judge Charles Price to quash the subpoena duces tecum issued to Beacon’s. We directed the trial court to make written findings of fact consistent with the United States Supreme Court’s holding in United States v. Nixon, 418 U.S. 683, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). See Ex parte Summit Med. Ctr. of Montgomery, Inc., 854 So.2d 614 (Ala. Crim.App.2002). Specifically, we directed the trial court to make findings addressing the four prongs in Nixon, i.e., (1) whether the documents requested by Willis are evi-dentiary and relevant; (2) whether they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) whether Willis can prepare for trial without inspecting the requested documents in advance of trial and whether the 'failure to inspect the documents may tend unreasonably to delay the trial; and (4) whether the application for the subpoena was made in good faith and not as a general “fishing expedition.”
*618 The trial court has filed its findings with this Court. Those findings state as follows:
“First, this is a criminal case; Bernet-ta L. Willis is charged and indicted for the offense of Theft of Property in the Second Degree. One indicted has a fundamental right to search for witnesses that may aid in his/her defense. Thus, this Court finds that: (1) the information requested by the defendant and, as modified, granted by the Court is evi-dentiary and relevant; (2) the information cannot be procured by the defendant in advance of trial from any other source by exercise of due diligence; (3) the defendant cannot fairly or justly prepare for trial without the information ordered by the Court; and (4) the application for the subpoena was made in good faith and not as a general ‘fishing expedition.’ United States v. Nixon, 418 U.S. 683 (1974).”
During the hearing on the motion to quash the subpoena duces tecum the following occurred:
“[Willis’s counsel]: Summit obviously is not going to volunteer information to me. This is the only way I can get a list of the people who were there, so I can at least ask them if they did see anything. If they didn’t, that’s fine. I’m not bothering them....
“[Beacon’s counsel]: Your Honor, this is precisely the kind of material that the Court of Criminal Appeals has said is a fishing expedition. If it were evidence that was known to be exculpatory, that’s one thing. But his is simply the—
“The Court: Well, he’s just trying to find some witnesses to see whether anybody saw anything.”
(Transcript of motion hearing, pp. 5-6.)
The United States Supreme Court in United States v. Nixon stated that the primary purpose of the subpoena duces tecum was to “expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials.” 418 U.S. at 698-99, 94 S.Ct. 3090 (footnote omitted). The United States Supreme Court also stressed that a subpoena duces tecum was for the production of evidence not for informational discovery.
As the Oregon Court of Appeals stated in State v. Cartwright, 173 Or.App. 59, 67, 20 P.3d 223, 229 (2001), concerning the purpose of a subpoena:
“[A] subpoena compels the production of evidence. It is not a means of informational discovery, nor does it serve as an investigatory tool to enable a party to examine information or to interview a witness prior to trial to ascertain the existence of relevant evidence or testimony.”
This case' is virtually identical to the case of State v. Reynolds, 819 So.2d 72 (Ala.Crim.App.1999). As we did in Reynolds, we confine our decision to the fourth prong in United States v. Nixon. In Reynolds, 819 So.2d at 78 (opinion on return to remand), quoting People v. Morrison, 148 Misc.2d 61, 66-67, 559 N.Y.S.2d 1013, 1017-18 (City Crim.Ct.1990), we stated:
“ ‘A fundamental distinction exists between a defendant’s right to discovery ... and a defendant’s right to compel the production of evidence by subpoena ... The right to discovery is the right to receive information and documents from the prosecution and its agents concerning’ the case.' A. defendant’s right to discovery is governed and limited by statute [in Alabama, by rule].... The specific material that is required to be disclosed is specified in the statute and *619 the timing of its disclosure is, likewise, governed by statute.
“ ‘The right to compulsory process, on the other hand, is the right to compel witnesses to come into court pursuant to subpoena and give testimony or produce documentary or other physical evidence. The right to compulsory process has its roots in constitutional principles which recognize that a defendant must be able to compel the production of evidence in the proceedings relating to the case in order to present a defense to the charges if he or she chooses to do so. However, based on constitutional analysis set forth above and decisional law, the right to compulsory process is not an unlimited and unrestricted right to compel the production of any documents sought by a defendant. Rather, it is a restricted right, the exercise of which must satisfy certain relevancy and evi-dentiary standards and which is subject to other procedures for obtaining the material sought.
“ ‘... The right to compel material pursuant to subpoena is, therefore, limited to the compulsion of “evidence” and is not a right to compel the production of documents that refer to evidence or that provide leads that unll assist in the identification of evidence or to ascertain the existence of witnesses or evidence.’”
(Emphasis added.)
It appears from the comments made by Willis’s attorney at the motion hearing that the sole purpose of the subpoena was to go on a “fishing expedition” to see if he could find any witness to what transpired at the clinic on the day of the theft.[1] The trial court should have quashed the subpoena because Willis failed to satisfy the prerequisites of United States v. Nixon.
In issuing this writ and directing the trial court to quash the subpoena, we remind the State that it has a continuing obligation to disclose exculpatory information to Willis. See Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
For the foregoing reasons, this petition is due to be, and is hereby, granted.
PETITION GRANTED.
McMILLAN, P.J., and COBB, BASCHAB, SHAW, and WISE, JJ„ concur.

. At the hearing, Willis stated that the State had disclosed the names of two people who were present at the clinic at the time of the theft.