PARKER, Justice.
Jerry Newby and Alfa Mutual Insurance Company (“Alfa”) (hereinafter collectively referred to as “the petitioners”) petition this Court for a writ of mandamus directing the Hale Circuit Court (“the circuit court”) to vacate its November 19, 2014, order denying the petitioners’ motion to quash the subpoena directed to Newby for deposition testimony that was requested by Laird Cole, Henry Cole, and Foundation Farms, LLC (hereinafter collectively refeired to as “the respondents”), in their action against Alfa. We deny the petition.

Facts and Procedural History

The issue before this Court is whether the circuit court exceeded its discretion in denying the petitioners’ motion to quash the subpoena for deposition testimony of Newby, a nonparty to the underlying action. In order to make that determination, a recitation of some of the facts from the underlying case is necessary. The petitioners state that “[t]he factual background in this particular case is confusing to say the least” Petition, at 1. However, although the facts surrounding the underlying litigation are somewhat complex, the facts surrounding the narrow issue before this Court appear to be both straightforward and undisputed. This case is, “[i]n short, ... an insurance bad faith failure to defend/indemnify/settle case arising out of several underlying lawsuits, which in ten arose out of the [respondents’] operation and financing of a dairy farm in between 2007 and 2010.” Petitioners’ reply brief, at 1.
Specifically, the respondents were involved in two earlier actions, the first as *915 plaintiffs and the second as defendants. Both actions concerned the respondents’ operation of a dairy farm and milking facility located in Dallas County. At all relevant times in the first action, both Laird Cole and Henry Cole were insured by Alfa. At all relevant times in the second action, Laird Cole .was insured by Alfa. While these two actions were ongoing, Newby was the president and chief executive officer of Alfa; he has since retired:
On July 25, 2013, Laird Cole and Foundation Farms sued Alfa in the circuit court, alleging “claims of fraud, breach of contract, bad faith, breach of the enhanced duty of good faith, negligence, and wantonness arising out of [Alfa’s] handling [of the] underlying lawsuits.” The respondents filed an amended complaint on August 27, 2013, adding Henry Cole as an additional plaintiff and “clear[ing] up some of the allegations.”
On April 30, 2014, Alfa filed a motion for a summary judgment, alleging that there was no dispute as to any material fact and that Alfa was entitled to judgment as a matter of law. Alfa stated the following reasons in support of its motion:
“(1) There is no legal duty on an insurance company to provide ‘separate’ and/or ‘independent’ counsel chosen by the insured as asserted in the complaint. (2) Plaintiffs’ counsel had legal authority to bind Plaintiffs to the terms of a settlement of the underlying case that were contingent upon relinquishing any further claims under the applicable policies relating to any additional claims for a defense or indemnity for claims, left open ..after [Alfa] agreed to pay sums to achieve a settlement of claims. against the Coles. (3) Plaintiffs cannot attack the settlement as fraudulent while retaining the benefits thereof; and (4) The applicable policies of insurance did not provide coverage for the counterclaims in question.” • r
On October 22,' 2014, the respondents served Alfa with a subpoena ordering Newby to appear at á video deposition. That subpoena is the subject of the current petition for mandamus relief.
On October 27, 2014, _ the, petitioners filed a motion, with the circuit court to quash the subpoena issued to Newby. In their motion to quash, the petitioners alleged:
“3. Jerry Newby is the former CEO and chairman of Alfa. He retired from Alfa in December 2012.' His name has only been tangentially mentioned in one deposition, and Alfa does not intend to call‘him as a witness at trial. "The Plaintiffs also have not alleged that Alfa negligently supervised or otherwise controlled Newby with respect to the Plaintiffs’ underlying claims and suits.
“4. Newby was mentioned at the deposition of one of the Plaintiffs, Laird Cole. Mr. Cole indicated at his deposition that he did not want Alfa to settle the case brought by his ‘investors’ and he talked to Mitch Henry about wanting tchave a conversation with Mr. Newby, a conversation which never occurred[.]
[[Image here]]
“5. The evidence in this case has demonstrated that Mr. Newby had no involvement.'whatsoever .in the decision to grant or deny a defense or indemnification to Laird Cole, Henry ... Cole, or .Foundation Farms in the underlying suits. There has been no evidence he was otherwise involved in the claims process, the litigation process, or the eventual mediation of the underlying claims.
[[Image here]]
“8. The subpoena to Mr. Newby is nothing more than a fishing expedition *916 or an attempt to harass him personal-ly_ Mr. Newby had no input on whether to grant or deny a defense or indemnification to the Plaintiffs. He did not choose the plaintiffs’ attorney in the underlying action, which seems to be the focus of much of their claims. He has only been reference^] in one of the many depositions, and in that one deposition (the Plaintiffs) it is clear that Mr. Newby had no contact whatsoever with the plaintiff.” :
Although the motion to quash the subpoena stated “Comes Now, [Alfa] and Jerry Newby,” the motion was signed only by Alfa’s trial counsel in their capacity as “[attorneys for [defendant [Alfa]”; New-by did not sign the motion. The respondents did not respond to the petitioners’ motion to quash the subpoena.
On November 19, 2014, the circuit court denied the petitioners’ motion to quash the subpoena for Newby’s deposition testimony. Thereafter, on December 30,2014, the petitioners filed the present petition-with this Court seeking a writ of mandamus ordering, the. circuit court to vacate, its denial of the petitioners’ motion to quash the subpoena ordering Newby to appear •for a video deposition.

Standard of Review

“ ‘Discovery matters are within the trial court’s sound discretion, and this Court will not reverse a trial court’s ruling on a discovery issue unless the trial .'Court has clearly exceeded its discretion. Home Ins. Co. v. Rice, 585 So.2d 859, 862 (Ala.1991). Accordingly, mandamus will issue to reverse a trial court’s ruling on a discovery issue only (1) where there is a showing that the trial court clearly exceeded its discretion, and (2) where the aggrieved party does not have an adequate remedy by ordinary appeal. The petitioner has an affirmative burden to prove the existence of each of these conditions.’
“Ex parte Ocwen Fed. Bank, FSB, 872 So.2d 810, 813 (Ala.2003).
.“Moreover, this Court will review by mandamus only those discovery matters involving (a) the disregard of a privilege, (b) the ordered production of ‘patently irrelevant or duplicative documents,’ (c) orders effectively eviscerating ‘a party’s entire action or defense,’ and (d) orders denying a party the opportunity to make a record sufficient for appellate review of the discovery issue. 872 So.2d at 813-14.”
Ex parte Meadowbrook Ins. Grp., Inc., 987 So.2d 540, 547 (Ala.2007). The order challenged here is reviewable under category (b).
Further, this Court stated in Ex parte Bole, 103 So.3d 40, 50 (Ala.2012):
“ ‘[A] mandamus petition may be .used to review rulings on motions to quash subpoenas from parties and nonparties. In Ex parte Thackston, 275 Ala. 424, 426, 155 So.2d 526 (1963), the Alabama Supreme Court - stated, “[t]his court has reviewed the issuance of a subpoena duces tecum, both as to parties and nonparties, or witnesses, on a’ petition for mandamus.” See also State v. Reynolds, 819 So.2d 72 (Ala.Crim.App.1999).’
"Ex parte Summit Med. Ctr. of Montgomery, Inc., 854 So.2d 614, 616 (Ala.Crim.App.2002).”
■ Discussion
Initially, we noté that, as set forth above, the respondents made no argument in the circuit court concerning the relevance of Newby’s deposition testimony. See petition, at 6 (“[Alfa] moved to quash the subpoena. The Plaintiffs never responded. After a hearing, at which the motion to quash was not discussed, the lower court denied .the motion to quash on *917 November 19, 2014.” (citations omitted)). The respondents argue for the first time before this Court why they believe New-by’s deposition testimony is relevant to the underlying litigation.
In Ex parte Allianz Life Insurance Co. of North America, 25 So.3d 411, 416 (Ala.2008), this Court stated that “[o]ur task in this case is to evaluate the decision of the trial’ court to determine whether, in exercising its discretion, it exceeded that discretion. ' -To conduct such an evaluation, it is necessary to review the information on which the trial court based its decision.1’ (Emphasis added.) Therefore, we will consider only the petitioners’ argument & determining whether they, have met their burden of demonstrating a clear legal right to the relief sought.
The petitioners’ only argument before this Court is that “the subpoena should be quashed because any testimony from New-by would be patently irrelevant.” Petition, at 7. The petitioners argue that the respondents’ request to depose Newby is nothing more than a “fishing expedition” and an attempt to harass Newby personally. The petitioners further state that, while he was president of Alfa, Newby made no decisions concerning the underlying cases.
The petitioners primarily rely on Ex parte Vulcan Materials Co., 992 So.2d 1252 (Ala.2008), in support of their argument. In Vulcan, the plaintiff sued and received a judgment against the defendants on claims of breach of contract and fraud, among other claims. Vulcan, 992 So.2d at 1257. The jury verdict for the plaintiff included an award of punitive damages. The defendants subsequently filed a motion for “Remittitur and Constitutional Reduction of Punitive Damages.” The plaintiff then served the defendants with a “postjudgment request for production of documents,” which, among other things, requested the production of “ ‘[a]ny and all copies of the Minutes .of each meeting of [one of the defendant’s] Board of Directors or Trustees during the past five (5) years.’” 992 So.2d at 1257. The trial court eventually, issued an order compelling the defendant to comply with the discovery request.
The relevant issue before this Court in Vulcan was whether the trial court had exceeded its discretion in compelling the production of "the minutes of the board meetings of one of the defendants when the evidence before the trial court established that the material contained in the minutes did not.“‘in any manner.concern the plaintiff or th[e] litigation.’ ” 992 So.2d at 1265 (quoting affidavit of William F. Denson III, Vulcan’s general counsel and secretary (emphasis omitted)). In his brief before this Court, the plaintiff stated that the minutes were relevant to the issue of punitive damages but made “no attempt to explain how the minutes, which d[id] not concern, or mention him or his case, might be relevant to a review of the punitive-damages award.” 992 So.2d at 1266. Therefore, the Court in Vulcan determined that the request for the board minutes .was “essentially a ‘fishing, expedition’ .to determine whether the statements in the affidavit [were] true,” 992 So.2d at 1266, .and therefore it .held that the trial court had exceeded its discretion in compelling the production of those materials.
The present case is distinguishable from Vulcan. In Vulcan, there was evidence before the trial court to establish that "the subject of the discovery request (the minutes of the board meeting) did- not “ ‘in any manner concern the plaintiff or th[e] litigation.’ ” 992 So.2d at 1265. Specifically, the secretary in charge of taking.the minutes at the company’s board’ meetings had signed an affidavit stating that the minutes neither concerned nor mentioned the plain *918 tiff or the litigation. As a result, this Court concluded that the trial court in Vulcan had exceeded its discretion because the evidence before the trial court indicated that the discovery sought had no relevance to the litigation.
Here, in contrast, there was no evidence before the circuit court indicating that Newby has no information relevant to the underlying litigation; there was only the petitioners’ argument to that effect. We note that, although the petitioners argued below that “[t]he evidence” before the circuit court demonstrated that Newby “had no involvement whatsoever in the decision to grant or deny a defense or indemnification to [the respondents],” that unspecified evidence is not before us.[1] The petitioners also argued below that “[t]here has been no evidence- [Newby] was otherwise involved in the claims process, the litigation process, or the eventual mediation of the underlying claims.” Nevertheless, the petitioners have not presented any evidence to this Court to establish that Newby was not “otherwise involved” in the underlying litigation, and the burden is on the petitioners to demonstrate that Newby’s deposition would be patently irrelevant.
Therefore, Vulcan, the primary authority relied upon by the petitioners in support of their mandamus petition, is distinguishable; thus, the petitioners have not demonstrated a clear legal right to the relief sought.
We note that Vulcan also states, as the petitioners point out, that “ ‘[s]ome threshold showing of relevance must be made before 'parties are required to open wide the doors of discovery and produce a variety of information which does not reasonably bear upon the issues in the case.’” 992 So.2d at 1265 (quoting Ex parte Wal-Mart Stores, Inc., 682 So.2d 65, 68 (Ala.1996) (Hooper, C.J., dissenting)(emphasis added)). This rule does not apply in the present case because the respondents are seeking discovery not from a party but from a nonparty. Alfa has not been asked to “open wide the doors of discovery and produce ... information.” Alfa has not been asked to produce anything. Newby, who is no longer an employee of Alfa, has been subpoenaed for his deposition testimony, and no evidence has been presented to this Court indicating that he has no relevant testimony to offer concerning the underlying litigation. Vulcan is simply not applicable.
Further, although the above rule from Vulcan appears to require the party requesting discovery to make, at the time of the request, an affirmative showing of relevance, the context in which this rule was applied in Vulcan indicates otherwise. Specifically, in Vulcan this Court required some “threshold” showing of relevance but only after the party opposing the discovery had already offered evidence of its irrelevance. 992 So.2d at 1265.[2] The petition *919 ers here have presented no such evidence to this Court establishing the lack of relevance of Newby’s deposition testimony; therefore, the respondents need not make a “threshold showing” of relevance.
We note that the petitioners also tangentially rely upon Ex parte Compass Bank, 686 So.2d 1135, 1138 (Ala.1996), Ex parte Henry, 770 So.2d 76, 80 (Ala.2000), and Stock v. Integrated Health Plan, Inc., 241 F.R.D. 618, 624 (S.D.Ill.2007), in support of their argument. Stock is a decision of the District Court for the Southern District of Illinois and thus is not binding on this Court, nor do we find Stock particularly persuasive. Compass and Henry are inapposite because they involve claims of a trial court exceeding its discretion in limiting (or failing to limit) discovery where petitioners claimed that the requested discovery was overly broad, unduly burdensome, or entailed significant expense. See Compass, 686 So.2d at 1138 (“We conclude that Compass Bank has made a clear showing that the trial judge abused his discretion in ordering the production of every customer file for every variable annuity. An affidavit presented in evidence estimated that this order would require production of at least 21,246 customer files and would involve the review of files on 35,000 transactions. This would be unduly broad, burdensome, and expensive.”), and Henry, 770 So.2d at 80 (“Henry’s discovery requests sought the name of every person who had purchased a life insurance policy through Walley and issued by KC Life, [from 1992 to 1998], together with a copy of the application for the policy. These requests were overly broad and were not closely tailored to the nature of the fraud alleged in the complaint.”).
Here, the requested discovery is for the deposition of one man, not the review and production of tens of thousands of documents, and there is no evidence before this Court to establish that the information gotten from the deposition of that one man would be patently irrelevant. None of the cases cited by the petitioners demonstrates that the circuit court exceeded its discretion in denying the petitioners? motion to quash the subpoena issued for the deposition testimony of Newby, who was the president and chief executive officer of Alfa during all times relevant to the underlying litigation.
Moreover, Rule 26(b)(1), Ala. R. Civ. P., states:
“Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location • of persons having knowledge of any discoverable matter. It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.”
In Ex parte AMI West Alabama General Hospital, 582 So.2d 484, 485 (Ala.1991), this Court stated that Rule 26(b)(1) “com templates a broad right of discovery” and “[discovery should be permitted if there is any likelihood that the information sought will aid the party seeking discovery in the *920 pursuit-of his claim or defense.” This Court further stated:-
“It is true . that while mandamus is the proper means of review to determine whether a trial court has [exceeded] its discretion in discovery matters, and that the writ is seldom issued because the trial judge possesses great discretion in discovery matters, Ex parte Mack, 461 So.2d 799, 801 (Ala.1984), ... the writ . issues more often in instances where the trial court has restricted or prohibited discovery than in instances where liberal discovery has been allowed.”
582 So.2d at 486. Here, we cannot say that the circuit court has exceeded its discretion in allowing the respondents to depose Newby.
■“Lastly,'as noted above, the respondents argue for the first time before this Court that Newby’s deposition testimony is relevant to the underlying litigation. We did not consider the respondents’ argument because the respondents failed to raise their argument in the circuit court. Even without considering the respondents’ argument, however, the petitioners' have -not demonstrated' a clear legal right to the relief they seek. Accordingly, we ‘need not consider the respondents’ argument or the petitioners’ argument in reply in order to decide the merits of this petition. However,, we how set forth the respondents’ argument concerning the scope of its deposition of Newby. Specifically, the respondents argue that they seek to depose Newby bo rebut the testimony of one of Alfa’s witnesses. The respondents argue that Alfa’s expert witness “is going to conclude thát ... Laird Cole[ ] was an unfit dairy farmer.” Respondents’ brief, at 2. The respondents conclude that Newby “rriay fairly be seen to dispute the same in specific terms.” Id. The only “specific terms” mentioned by the respondents in their brief are as follows:
“Laird Cole was named ‘Outstanding .Young Farmer’ by the Alabama Farmers Federation in 2001. Additionally, he was named as ‘Outstanding Young Farm Family-Dairy’ in the same year and was featured on the cover of Alfa’s flagship publication, ‘Neighbors’ magazine. And the Petitioner, Jerry Newby, as president of the Alabama Farmers Federation, is shown as presenting 2002 Chevrolet Trailblazer to Cole in recognition of his achievements for Alfa and. dairy farming in Alabama_”
Respondents’ brief; at 2. Although the respondents may depose Newby, the scope of the deposition must be limited by the above representations the respondents have made to this Court regarding the intended purpose of the deposition. In other words, the deposition of. Newby should be limited to the purpose of disputing Alfa’s purported claims that Laird Cole was an unfit dairy farmer to the extent that Newby has such information from having served as president of the Alabama Farmers Federation.

Conclusion

The petitioners have failed to demonstrate that they have a clear legal right to the relief sought. For that reason, the petition is denied.
PETITION DENIED.
MOORE, C.J., and STUART and ' MAIN, JJ., concur.
SHAW, J., concurs in the result.
BOLIN and WISE, JJ., recuse themselves.

. We note that Alfa does not specify the evidence to which it is referring. It may be that evidence of Newby’s lack of involvement in the decision to grant or deny the respondents a defense or indemnification was included in the attachments to Alfa’s summary-judgment motion; however, Alfa chose, in contravention of Rule 21(a)(1)(E), Ala. R.App. P., not to submit to this Court the attachments to its summary-judgment motion because they are “several hundred pages” and many of those attachments were “filed under seal.” Petition, at 5 n. 1.

. Vulcan’s applicability in this case is further undermined by the history of the rule it adopts. As noted above, Vulcan quoted Chief Justice Hooper's dissent in Ex parte Wal-Mart Stores, Inc., 682 So.2d 65, 68 (Ala.1996), for the rule requiring a “threshold showing of relevance.” The dissent in Wal-Mart in turn quoted a decision of the United States Court of Appeals for the Eighth Circuit in Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir.1992). Vulcan is the only Alabama case that applies the above rule, and it involved the *919 discovery of material for which there had first been an evidentiary showing of a lack of rele-vanee.